SOSNOWSKI v. DANDY HAMBURGER

1. Workmen's Compensation—Findings of Fact—Courts.
    Findings of fact by the Workmen's Compensation Appeal Board, including the finding of the date of disability, supported by substantial evidence in the record, are binding on the courts in the absence of fraud (Const 1963, art 6, § 28).

2. Workmen's Compensation—Date of Injury—Disabling Disease—Occupational Disease.
    Under the Workmen's Compensation Act, the date of injury should be determined to be the last day of work in the employment which subjected plaintiff to the conditions which

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 530.
[2–4] 58 Am Jur, Workmen's Compensation §§ 189, 214 et seq.

caused the disability where plaintiff's disabling disease is an occupational disease, not the result of a single event, but a continuity of exposure and the result of a series of events.

3. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—DATE OF INJURY.

The statutory language of the Workmen's Compensation Act fixes the date of injury, where occupational disease ends in disability, as the last day of work in employment where the claimant was exposed to the conditions resulting in disability.

4. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—DATE OF INJURY—INSURANCE CARRIERS—LIABILITY.

The insurer on the risk on the date of injury (disablement) should be liable for the entire workmen's compensation where a claimant's occupational disease develops gradually to a condition of disability while the claimant worked for a single employer and the employer has changed insurance carriers during this period.

Appeal from Court of Appeals, Division 1, McGregor, P. J., and Fitzgerald and Cynar, JJ., affirming the Workmen's Compensation Appeal Board. Submitted October 6, 1970. (No. 7 October Term 1970, Docket No. 52,517.) Decided November 12, 1970.

17 Mich App 547 reversed.

Lottie Sosnowski presented her claim against Dandy Hamburger, St. Paul Insurance Company, and American States Insurance Company, for compensation for a disability sustained in the course of employment. Compensation awarded, and American States Insurance Company found to be liable for the payments. Defendant American States Insurance Company appealed to Workmen's Compensation Appeal Board. Modified and affirmed. Defendant American States Insurance Company appealed to Court of Appeals. Appeal Board decision affirmed. Defendant American States In-

surance Company appeals. Reversed, with instructions.

*Ripple & Chambers,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *Edward K. Pedersen, Jr.,* and *Jeannette A. Paskin*), for defendants Dandy Hamburger and St. Paul Insurance Company.

*Mansfield, Sulzbach & Jones,* for defendant American States Insurance Company.

T. M. KAVANAGH, J. Defendant-appellant American States Insurance Company is here on leave granted (382 Mich 785) from the affirmance by the Court of Appeals (17 Mich App 547) of a determination by the Workmen's Compensation Appeal Board that the plaintiff's wage loss and medical expenses should be paid by appellant even though appellee St. Paul Insurance Company was defendant Dandy Hamburger's insurer on the date of plaintiff's disablement.

Plaintiff Lottie Sosnowski was employed by Dandy Hamburger from the spring of 1962 to and through September 7, 1964, when plaintiff became disabled as a result of dermatitis. American States was Dandy Hamburger's workmen's compensation insurer from the spring of 1962 until September 3, 1963. On December 3, 1963, St. Paul became the insurance carrier for Dandy Hamburger and continued as such through September 7, 1964, the last day of plaintiff's employment.

The Workmen's Compensation Appeal Board made a determination that the plaintiff's present wage loss (disability) was directly connected with the contact dermatitis condition the plaintiff ac-

quired and sustained in 1962 out of and in the course of her employment with Dandy Hamburger, and its continuance and progression to the plaintiff's present condition of neurodermatitis. The board further found that the failure of American States to supply plaintiff with proper and necessary medication for treatment of her 1962 condition was also causally connected with plaintiff's present wage loss.[1] The board adopted the referee's finding of disability as of September 7, 1964. However, the appeal board determined that the referee's ruling that the plaintiff had an average weekly wage of $58 was incorrect, and that the proper average wage would be $65 a week. With this modification, the award of the referee was affirmed. The board determined that liability for paying the compensation rests with American States.

The findings of fact by the Workmen's Compensation Appeal Board, including the finding that the date of disability was September 7, 1964, are supported by substantial evidence in the record and, therefore, its determination is binding on the courts in the absence of fraud. Const 1963, art 6, § 28; *Turner* v. *Consumers Power Company* (1965), 376 Mich 188.

Appellant American States Insurance Company states the question as follows:

"Where Plaintiff's disabling disease is an occupational disease, not the result of a single event, but a continuity of exposure and the result of a series of events, should not the date of injury be determined to be the last day of work in the employment which subjected Plaintiff to the conditions which caused the disability?"

---

[1] It appears that this failure to supply medication occurred after American States ceased to be Dandy Hamburger's workmen's compensation carrier.

Appellee St. Paul Insurance Company, in a counter-statement, raises the following question:

"Did the Hearing Referee and the Workmen's Compensation Appeal Board err in finding that American States Insurance Company was the compensation carrier liable for compensation benefits even though actual loss of time occurred when St. Paul Insurance Company was the Workmen's Compensation Insurance carrier?"

Appellant's stated question has consistently been answered in the affirmative by this Court. The applicable statutory provisions were most recently harmonized in *Smith* v. *Lawrence Baking Company* (1963), 370 Mich 169, 175, 176:

"Part 2, § 1, of the act establishes the time and date of injury as follows:

" 'The term "time of injury" or "date of injury" as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death.' (CLS 1956, § 412.1 [Stat Ann 1960 Rev § 17.151].)

"Part 7, § 1, of the act provides:

" 'Whenever used in this act:

" '(a) The word "disability" means the state of being disabled from earning full wages at the work in which the employee was last subjected to the conditions resulting in disability;  *  *  *

" '(c) The term "personal injury" shall include a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment.' (CL 1948, § 417.1 [Stat Ann 1960 Rev § 17.220].) .

"Part 7, § 2, of the act reads:

" 'The disablement of an employee resulting from such disease or disability shall be treated as the

happening of a personal injury within the meaning of this act and the procedure and practice provided in this act shall apply to all proceedings under this part, except where specifically otherwise provided herein.' (CL 1948, § 417.2 [Stat Ann 1960 Rev § 17.221].)"

See, also, *Stewart* v. *Lakey Foundry & Machine Co.* (1945), 311 Mich 463; *Joslin* v. *Campbell, Wyant & Cannon Foundry Co.* (1960), 359 Mich 420.

As was said in the above cases, where occupational disease ends in disability the statutory language fixes the date of injury as the last day of work in employment where the claimant was exposed to the conditions resulting in disability. Applying the rule to the present case, the date of plaintiff's injury was September 7, 1964, the last day she worked for Dandy Hamburger.

Turning to appellee's stated question, we find that it contains an issue not previously passed upon by this Court, which we restate as follows:

When a claimant's occupational disease develops gradually to a condition of disability while the claimant works for a single employer, and the employer has changed insurance carriers during this period, which insurer should pay the compensation?

Heeding the wisdom of the majority of the decisions in other jurisdictions[2] which have answered this question in the absence of applicable statutory provisions,[3] we hold that the insurer on the risk on the date of injury (disablement) should be liable

---

[2] See Larson, Workmen's Compensation Law, § 95.21, n 83.

[3] Although our legislature has provided for apportionment of liability among successive employers in certain cases (MCLA § 418.435 [Stat Ann 1970 Cum Supp § 17.237(435)]), no similar provision has been made for apportioning liability among successive insurers of the same employer. It is for the legislature, and not this Court, to provide for such apportionment if it is deemed appropriate.

for the entire compensation.[4]   Our reasons for so
holding are well summarized by Professor Larson:

"Occupational disease cases typically show a long
history of exposure without actual disability, cul-
minating in the enforced cessation of work on a
definite date.   In the search for an identifiable in-
stant in time which can perform such necessary
functions as to start claim periods running, establish
claimant's right to benefits, and fix the employer
and insurer liable for compensation, the date of dis-
ability has been found the most satisfactory.   Le-
gally, it is the moment at which the right to benefits
accrues; as to limitations, it is the moment at which
in most instances the claimant ought to know he
has a compensable claim; and, as to successive
insurers, it has the one cardinal merit of being defi-
nite, while such other possible dates as that of the
actual contraction of the disease are usually not
susceptible to positive demonstration."   Larson,
Workmen's Compensation Law, § 95.21.

We conclude, therefore, that the hearing referee,
the Workmen's Compensation Appeal Board, and
the Court of Appeals erred in finding that American
States Insurance Company was the compensation
carrier liable for compensation benefits in the instant
case.

The order of the appeal board is reversed insofar
as it provides that compensation be paid by Amer-
ican States Insurance Company.   All compensation
benefits shall be paid by St. Paul Insurance Com-
pany, the employer's insurer at the date of injury,
September 7, 1964.   American States Insurance
Company shall be reimbursed by St. Paul Insurance

---

[4] We have applied a similar rule in cases where successive accidental
injuries end in disability.   See *e.g.*, *Brinkert* v. *Kalamazoo Vegetable
Parchment Co.* (1941), 297 Mich 611.   We do not equate "date of
injury" with "date of disability," but merely recognize that in this
case the two dates coincide.   *Cf.*, *Joslin* v. *Campbell, Wyant & Cannon
Foundry Co.*, *supra*.

Company for any benefits the former has provided claimant pursuant to orders of the appeal board and this Court. American States Insurance Company shall have costs.

T. E. Brennan, C. J., and Dethmers, Black, Adams, and T. G. Kavanagh, JJ., concurred with T. M. Kavanagh, J.

Kelly, J., did not sit in this case.