PEARSON v CONTINENTAL MOTORS CORPORATION

Docket No. 56905. Decided December 8, 1975.

> Application for leave to appeal by defendants Continental Motors Corporation and Argonaut Insurance Company from an order of the Court of Appeals, Lesinski, C. J., and Bashara and N. J. Kaufman, JJ. (Docket No. 21560), denying leave to appeal from a Workmen's Compensation Appeal Board decision that workmen's compensation liability for an injury is not apportioned between an employer's successive insurance carriers.
>
> Affirmed.

WORKMEN'S COMPENSATION—INSURANCE CARRIERS—LIABILITY—APPORTIONMENT.

> No statutory provision has been made for apportioning workmen's compensation liability among successive insurance carriers for the same employer; it is for the Legislature and not the Court to provide for such apportionment if it is deemed appropriate.

*McCroskey, Libner, Van Leuven, Kortering, Cochrane & Brock* (by *Timothy J. Bott)* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block)* for defendants Continental Motors Corporation and Argonaut Insurance Company.

*Hillman, Baxter & Hammond* for defendant CNA Insurance Company.

MEMORANDUM OPINION. The delayed application for leave to appeal filed on behalf of defendants-appellants is considered, and the same is hereby granted as to issue III in the brief in support of appellants' delayed application for leave to appeal

---

Reference for Points in Headnote
58 Am Jur, Workmen's Compensation § 563 *et seq.*

concerning the apportioning of liability among successive insurers. As to all other issues, the delayed application for leave to appeal is hereby denied, because the appellants have failed to persuade the Court that the questions presented should be reviewed by this Court.

We grant as to issue III to consider the following statement of this Court:

"Although our legislature has provided for apportionment of liability among successive employers in certain cases (MCLA § 418.435 [Stat Ann 1970 Cum Supp § 17.237(435)]), no similar provision has been made for apportioning liability among successive insurers of the same employer. It is for the legislature, and not this Court, to provide for such an apportionment if it is deemed appropriate." *Sosnowski v Dandy Hamburger,* 384 Mich 221, 226, fn 3; 180 NW2d 761 (1970).

On such further consideration, we again conclude that we cannot construe this legislation as providing for apportionment among successive workmen's compensation insurance carriers. It is for the Legislature and not this Court to provide for such apportionment if deemed appropriate.

Pursuant to GCR 1963, 865.1(7), the Workmen's Compensation Appeal Board is hereby affirmed.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and LINDEMER, JJ., concurred.