STEWART v SAGINAW OSTEOPATHIC HOSPITAL

Docket No. 45124. Submitted June 24, 1980, at Detroit.—Decided October 7, 1980. Leave to appeal applied for.

A worker's disability compensation referee determined that Mae E. Stewart was entitled to worker's disability compensation benefits for injuries she suffered on May 21, 1970, September 23, 1971, and April 13, 1974. The compensation insurance carrier for her employer, Saginaw Osteopathic Hospital, in 1970 and 1971 was Aetna Casualty & Surety Company (Aetna). Argonaut Insurance Company (Argonaut) was the insurance carrier in 1974. The referee ordered Argonaut to pay benefits from April 14, 1974, and continue to do so until further order. The referee also found Aetna to be free of liability. Argonaut appealed to the Worker's Compensation Appeal Board (WCAB) but commenced payment of 70% of the award ordered by the referee as required by law. These payments totalled $5,558.10 during the pendency of the appeal. On appeal, the WCAB found that the claimant's disability related solely to the injury she suffered on May 21, 1970, and that the disability ended on September 13, 1974. The open award was changed to a closed award for the period April 14, 1974, to September 13, 1974, and Aetna was found to be liable for the payment of the closed award benefits, totalling $1,361.09. Argonaut was found to be free of liability. Claimant's applications for leave to appeal the WCAB decision were denied by the Court of Appeals and the Supreme Court, 402 Mich 831 (1977). Argonaut sought reimbursement from the Second Injury Fund (Fund) of the amount it had paid while awaiting the outcome of its appeal to the WCAB. The Fund took the position that Aetna should pay Argonaut the amount which Aetna was liable for ($1,361.09), and that the Fund should only be required to pay the difference between what Argonaut had paid and the amount of the award Aetna was liable for. The Fund reimbursed Argonaut the

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 609.
[2] 82 Am Jur 2d, Workmen's Compensation § 590.
[3] 82 Am Jur 2d, Workmen's Compensation §§ 448, 649.

amount of the difference ($4,197.01). Argonaut thereupon filed a petition for determination of rights with the Bureau. A hearing referee for the Bureau directed the Fund to completely reimburse Argonaut. The Fund appealed this decision to the WCAB, which affirmed the referee's order and construed the earlier WCAB order as requiring Aetna to pay the $1,361.09 award to the claimant. The Fund now appeals by leave granted, claiming that it is required to reimburse Argonaut only the difference between the total Argonaut paid and the amount of the award, that Aetna should reimburse Argonaut the amount of the award for which Aetna is liable, and that the claimant is entitled to no further benefits. *Held:*

1. Although the doctrine of *res judicata* applies to worker's compensation proceedings, the precise issue of fact or law must have been at issue and decided in preceding litigation in order for the doctrine to bar a subsequent worker's compensation proceeding. The issue presently before the Court was not addressed in the preceding litigation, therefore, the doctrine of *res judicata* has no application to the present case.

2. Argonaut is entitled to reimbursement from the Fund of only the amount it paid in excess of the WCAB award. The claimant is not required to pay back any of the amount she received from Argonaut, even though she was not entitled to receive those benefits. At the same time, she is not entitled to further payment of benefits from Aetna.

3. Aetna, which was found to be liable for payment of the amount of the closed award, must pay that amount to Argonaut. Argonaut will thereby be made whole, Aetna will have paid the amount it was found to be liable for, the claimant will have received an amount far in excess of what she has been found to be entitled to and the Fund will suffer the loss.

The decision of the WCAB is reversed.

1. WORKERS' COMPENSATION — RES JUDICATA.

The doctrine of *res judicata* applies to workers' compensation proceedings; however, for *res judicata* to bar a subsequent proceeding, the precise issue of fact or law must have been at issue and decided in the preceding litigation.

2. WORKERS' COMPENSATION — BENEFITS DURING APPEAL — REPAYMENT OF BENEFITS RECEIVED — STATUTES.

A claimant under the Worker's Disability Compensation Act who is receiving 70% of the amount of an award during the pendency of an appeal of the award is not required to later repay any of the amount received even though ultimately found not

to have been entitled to those benefits (MCL 418.862; MSA 17.237[862]).

3. WORKERS' COMPENSATION — INSURANCE — MULTIPLE CARRIERS — TRANSFER OF FUNDS.

A workers' compensation insurance carrier, found to be liable for payment of an award under the Worker's Disability Compensation Act, may be ordered to pay the amount of the award to a second insurance carrier rather than to the claimant where the second carrier was originally determined to be liable for payment of benefits and the second carrier appealed that determination but made payments to the claimant, as required by the 70% statute, pending the outcome of the appeal and the amount of the payments thus made exceed the amount of the award finally determined to be owed to the claimant; the fact that a transfer of funds from one insurance carrier to another is not specifically authorized by statute is not an impediment to such payment.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C. (Bernard M. Freid,* of Counsel) (by *Jeanne Nunn* and *Granner S. Ries),* for Mae E. Stewart.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for the Second Injury Fund.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and A. C. MILLER,* JJ.

J. H. GILLIS, P.J. The Second Injury Fund (Fund)[1] appeals by leave granted an April 13, 1979, decision of the Worker's Compensation Appeal Board (WCAB) affirming the hearing referee's December 29, 1978, ruling that the Fund was required to reimburse Argonaut Insurance Company (Argonaut) the entire $5,558.10 which Argonaut

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 418.501 *et seq.;* MSA 17.237(501) *et seq.*

had paid the claimant pusuant to MCL 418.862; MSA 17.237(862), the "70% statute".

The initial petition for hearing in this case was filed by the claimant on May 21, 1974. She alleged that she suffered work-related injuries to her back on May 21, 1970, September 23, 1971, and April 13, 1974. Aetna Casualty & Surety Company (Aetna) was the compensation insurance carrier of the employer in 1970 and 1971. Argonaut was the carrier in 1974.

The hearing took place on January 23, 1975. The hearing referee found three dates of injury, May 21, 1970, September 23, 1971, and April 13, 1974. Pursuant to that finding, the referee, in a decision mailed March 11, 1975, ordered Argonaut to pay the claimant benefits at the rate of $81.86 per week from April 14, 1974, to the date of the hearing and thereafter at the same rate until further order of the Bureau (Bureau of Workmen's Compensation). The order concluded:

"Aetna Casualty & Surety Co. is hereby dismissed as a party-defendant and held free of any liability after 4-13-74. The liability created herein is the sole responsibility of Saginaw Osteopathic Hospital and Argonaut Insurance Co."

Argonaut appealed to the WCAB. Concurrent with the filing of its claim of appeal, Argonaut, pursuant to MCL 418.862, commenced payment to the claimant of $57.30 per week, 70% of the $81.86 per week ordered by the hearing referee. During the pendency of the appeal these payments totalled $5,558.10.

On March 18, 1977, the WCAB modified the decision of the referee. The WCAB found that the claimant's disability related solely to the injury suffered on May 21, 1970, and further found that

her disability had terminated as of September 13, 1974. Accordingly, the open award was changed to a closed award, from April 14, 1974, to September 13, 1974, at the rate of $62.34 per week for a total of $1,361.09. The WCAB found that Aetna,[2] not Argonaut, was liable for the closed award benefits. Argonaut was found to be free of liability.

The claimant's applications for leave to appeal the WCAB decision were denied by the Court of Appeals on August 11, 1977, and by the Supreme Court on December 21, 1977.

On February 20, 1978, Argonaut sought reimbursement from the Fund of the $5,558.10 paid to the claimant pursuant to MCL 418.862. The Fund took the position that Aetna should pay the $1,361.09 due to the claimant under the WCAB order to Argonaut and that the Fund was liable to reimburse Argonaut only the difference between $5,558.10 and $1,361.09, $4,197.01. The Fund reimbursed Argonaut the latter amount.

On March 16, 1978, Argonaut filed a "Petition for Determination of Rights" with the Bureau. A hearing was held on that petition on October 11, 1978. In a decision dated December 29, 1978, the hearing referee directed the Fund to complete reimbursement to Argonaut by payment of the remaining $1,361.09.

The Fund thereafter appealed that decision to the WCAB. In an order dated April 13, 1979, the WCAB affirmed the referee's decision requiring the Fund to fully reimburse Argonaut and, further, construed the WCAB's March 18, 1977, order as requiring Aetna to pay the claimant $1,361.09.

This Court granted the Fund's application for

---

[2] See *Sosnowski v Dandy Hamburger,* 384 Mich 221, 226-227; 180 NW2d 761 (1970).

leave to appeal the WCAB's April 13, 1979, decision on October 24, 1979.

The Fund claims that it is required to reimburse Argonaut only $4,197.01, that Aetna should tender $1,361.09 to Argonaut and that the claimant is entitled to receive no further benefits. The claimant claims that MCL 418.862 requires the Fund to pay the entire $5,558.10 to Argonaut and that she is entitled to the $1,361.09 from Aetna.

The primary issue is whether the claimant is entitled to actual payment of a closed award for a period preceding the hearing referee's decision when payments in excess of that amount have already been made under MCL 418.862 and the WCAB ultimately rules that the claimant was not entitled to any benefits for the period that the 70% payments were being made. Otherwise stated, may the carrier[3] use payments made under the 70% statute, which the WCAB has found the claimant not entitled to receive, to reduce the amount it is required to pay the claimant for the closed award which preceded the 70% payment period?

Before reaching this issue, a subsidiary one must be addressed. The claimant argues that the doctrine of *res judicata* bars the Fund's claim that Aetna should pay the $1,361.09 to Argonaut rather than to her. It is claimed that the March 18, 1977, order of the WCAB already decided that Aetna must pay the benefits for the closed period to the claimant.

The doctrine of *res judicata* applies to worker's compensation proceedings. However, in order for the doctrine to bar a subsequent worker's compen-

---

[3] The case is complicated by the fact that two insurance carriers are involved. We will initially consider the matter as if only one insurance carrier was involved.

sation proceeding, the precise issue of fact or law must have been at issue and decided in the preceding litigation. *McKinney v Uniroyal, Inc,* 82 Mich App 348, 353; 266 NW2d 820 (1978).

Our examination of the March 18, 1977, order discloses that the issue presently before this Court was not addressed in the preceding litigation. That order redetermined the claimant's entitlement to benefits and which carrier was responsible for the payment of those benefits. It made no determination concerning whether Argonaut's payments under the 70% statute would affect the distribution of those benefits. It made no determination of the amount which the Fund is required to reimburse Argonaut pursuant to MCL 418.862. Accordingly, we conclude that the present issue was neither at issue nor decided in the preceding litigation. The doctrine of *res judicata* has no application to the present case.

MCL 418.862; MSA 17.237(862) provides:

"A claim for review filed pursuant to sections 859 or 861 shall not operate as a stay of payment to the claimant of 70% of the weekly benefit required by the terms of the hearing referee's award. Payment shall commence as of the date of the hearing referee's award and shall continue until final determination of the appeal or for a shorter period if specified in the award. Benefits accruing prior to the referee's award shall be withheld until final determination of the appeal. *If the weekly benefit is reduced or rescinded by a final determination, the carrier shall be entitled to reimbursement in a sum equal to the compensation paid pending the appeal in excess of the amount finally determined.* Reimbursement shall be paid upon audit and proper voucher from the second injury fund established in chapter 5. If the award is affirmed by a final determination, the carrier shall pay all compensation which has become due under the provisions of the award, less any compensation already paid. Interest shall not be paid on

amounts paid pending final determination. Payments made to the claimant during the appeal period shall be considered as accrued compensation for purposes of determining attorneys' fees under the rules of the bureau." (Emphasis supplied.)

Here, the WCAB order changed the referee's open award to a closed one. Such change constitutes a reduction of the award made by the hearing referee. The emphasized sentence of the statute, thus, has application to the instant case.

It is undisputed that the carrier paid the claimant $5,558.10 while the appeal to the WCAB was pending. The WCAB finally determined that the claimant was entitled to receive only $1,361.09. The amount paid pending the appeal, which is in excess of the amount finally determined, is $4,197.01. The carrier is, thus, entitled to be reimbursed only the latter amount. This reimbursement can be had only from the Second Injury Fund. The claimant is not required to pay back any of the $5,558.10 even though it has been determined that she was not entitled to receive those benefits. *McAvoy v H B Sherman Co,* 401 Mich 419, 449-450; 258 NW2d 414 (1977), *reh den* 402 Mich 953 (1977).

What should be done with the remaining $1,361.09 which the WCAB found that the claimant is entitled to? Should she be permitted to retain the $5,558.10 paid but not owed by the carrier plus receive actual payment of $1,361.09 for a total of $6,919.19 when she is entitled to only $1,361.09? We hold that she should not. To hold otherwise would result in a windfall to the claimant in the amount of $5,558.10. This we will not permit.

We hold that the carrier is entitled to retain the $1,361.09; it need not be paid to the claimant. In

this manner, the carrier will have paid out only that amount which it has been found liable to pay, $1,361.09. The $5,558.10 paid to the claimant pursuant to MCL 418.862 minus $4,197.01 which has been reimbursed by the Fund leaves a remainder of $1,361.09. We note that in this manner we are not requiring the claimant to reimburse the carrier for a portion of the 70% benefits in contravention of *McAvoy, supra.* Rather, we are limiting her right to receive benefits in the first instance.

The present case involves two carriers. Aetna holds and has been found liable for $1,361.09. Argonaut has paid that amount (and more) and has been found to be free of liability. In order to effect the distribution of the $1,361.09 in a manner consistent with the above analysis, we hold that Aetna should pay that amount to Argonaut. The fact that a transfer of funds from one carrier to another is not specifically authorized by statute is not an impediment to such payment. See *Sosnowski v Dandy Hamburger,* 384 Mich 221; 180 NW2d 761 (1970).

The April 13, 1979, decision of the WCAB is reversed. No costs, a statutory interpretation being involved.