James R. MISKOWSKI and Mary Louise Miskowski, Plaintiffs,

v.

McNEIL CORPORATION, an Ohio Corporation, Defendant.

Civ. A. No. 81–60231.

United States District Court, E.D. Michigan, S.D.

Dec. 22, 1983.

---

Robert W. Howes, Kelman, Loria, Downing, Schneider & Simpson, Detroit, Mich., for plaintiffs.

Randall Phillips, Southfield, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is a products liability action brought by the plaintiff who was injured during the course of his employment. The Travelers Insurance Company intervened in the action to assert its statutory lien on the proceeds as the Workers' Compensation carrier for the employer. The plaintiff was awarded Workers' Compensation benefits by the hearing referee and Travelers appealed that decision; the Workers' compensation appeal is still pending. During the pendency of the appeal, as required by Michigan law, Travelers paid 70% of the weekly benefits awarded to the plaintiff and paid this amount until the time of the plaintiff's death.

This tort action arose out of the same occurrence and was brought against the manufacturer of the machine which was allegedly the cause of the injury to the plaintiff. The plaintiff and the defendant settled this action.

This matter is before the Court on cross motions for apportionment of the settlement proceeds. The dispute is between the plaintiff and the Travelers Insurance Company over whether Travelers is entitled to reimbursement under the Michigan Workers' Compensation laws for 70% benefits paid to the plaintiff during the pendency of an appeal of the Workers' Compensation award by the carrier. For the reasons given below, the Court holds that Travelers is entitled to reimbursement out of the settlement proceeds for 70% benefits paid.

The Travelers Insurance Company intervened in this action to assert its right to a lien on the settlement proceeds. Mich. Comp.Laws Ann. § 418.827; Fed.R.Civ.P. 24(a). Under Michigan law, the Workers' Compensation carrier is entitled to reimbursement for amounts paid to the injured worker in the event of a third-party recovery:

(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, *shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery* and the balance shall be forthwith paid to the employee ... and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.

Mich.Comp.Laws Ann. § 418.827(5) (West Supp.,1983) (emphasis added).

In Michigan, the Workers' Compensation carrier is required to pay the employee 70% of the weekly benefit found by the referee

during the pendency of the appeal from that Workers' Compensation award:

> A claim for review filed pursuant to sections 859 or 861 shall not operate as a stay of payment to the claimant of 70% of the weekly benefit required by the terms of the hearing referee's award. Payment shall commence as of the date of the hearing referee's award and shall continue until final determination of the appeal or for a shorter period if specified in the award. Benefits accruing prior to the referee's award shall be withheld until final determination of the appeal. If the weekly benefit is reduced or rescinded by a final determination, the carrier shall be entitled to reimbursement in a sum equal to the compensation paid pending the appeal in excess of the amount finally determined. Reimbursement shall be paid upon audit and proper voucher from the second injury fund established in chapter 5....

Mich.Comp.Laws Ann. § 418.862 (West Supp.1983).

It is clear that the 70% benefit is "an amount paid or payable under this act" and, therefore should be reimbursed under the clear language of the statute. The problem, as argued by the plaintiff, is that the carrier may be placed in the position of being able to get a double recovery if it prevails on appeal.

While Michigan courts have addressed the validity of the 70% benefit provision, *see, McAvoy v. H.B. Sherman Co.,* 401 Mich. 419, 258 N.W.2d 414 (1977), there is no case addressing the present problem.

■ The two statutes are difficult to reconcile. Section 418.827 dictates reimbursement for all amounts "paid or payable" under the act and section 418.862 dictates recovery from the second injury fund of 70% benefits paid when the carrier prevails on appeal. *McAvoy, supra,* held that reimbursement from the fund was mandatory under the statute. Furthermore, the employee is not required to repay either the carrier or the second injury fund for 70% benefits if the carrier prevails on appeal. *Stewart v. Saginaw Osteopathic Hospital,*

100 Mich.App. 502, 298 N.W.2d 911 (1980). The unmistakable conclusion is that in the absence of some special attention to this problem in this case the carrier may obtain a double recovery when the employee recovers from a third party during the pendency of the appeal and the carrier later prevails on appeal.

The law does not favor double recovery in any situation and, therefore, there is an obvious conflict between the two statutory provisions. Nevertheless, courts must construe statutes in such a way as to carry out the legislative purpose and to avoid conflicts and unreasonable results.

■ The 70% benefits provision was designed to assist the employee during the pendency of the appeal and to eliminate the evils connected with the previous situation in which the carrier could avoid payment until completion of the appeal. *McAvoy v. H.B. Sherman,* 401 Mich. at 438–39, 258 N.W.2d 414. Injured workers with no other source of income would be forced to abandon their claim when faced with a costly appeal or to accept settlement in an inadequate amount. *Id.* The problem was such that the legislature determined that the worker should receive 70% benefits during the appeal and would not be required to repay the benefits even if ultimately it was determined that the worker should not recover.

Section 418.862 is clearly remedial and designed to correct a specific problem. That problem does not exist in a situation like the present where the worker has recovered from a third party.

■ Consequently, there is no reason to allow a double recovery on the part of the worker which would occur if the Court determined that the carrier was not entitled to reimbursement out of the settlement for 70% benefits paid at this time and that, if the carrier prevailed on appeal, it must seek recovery from the second injury fund. Section 418.827 allows reimbursement for "amounts paid or payable" under the act and, therefore, this Court holds that the

carrier is entitled to reimbursement for the 70% benefits paid.

However, to prevent a double recovery on the part of the carrier, the Court further directs that in this situation the carrier is not entitled to reimbursement from the second injury fund. Section 418.862 is remedial in this respect also. The carrier is entitled to recover its loss from the fund when it pays 70% benefits to the worker and it is later determined that the worker was not entitled to benefits. If the carrier recovers 70% benefits from a third party action, there is no reason to allow it to recover also from the second injury fund.

Therefore, Travelers is entitled to reimbursement out of the settlement for 70% benefits paid but it may not later seek reimbursement from the second injury fund if it prevails on appeal.

SO ORDERED.