142 Mich. App. 640 (1985)
369 N.W.2d 864
CLUTE
v.
GENERAL ACCIDENT ASSURANCE COMPANY OF CANADA
Docket No. 74159.
Michigan Court of Appeals.
Decided February 27, 1985.
Schaden & Heldman (by Victoria C. Heldman), and Beverly Clark, for plaintiff.
Eugene S. Hoiby, for defendant.
Before: HOOD, P.J., and R.B. BURNS and S. EVERETT,[*] JJ.
PER CURIAM.
This is an action for no-fault personal protection insurance (PIP) benefits under MCL 500.3101 et seq.; MSA 24.13101 et seq. The plaintiff was one of a group of people who rented a van in London, Ontario, intending to attend a gathering in Lansing. They stopped at Detroit in order to stay overnight. The plaintiff decided to sleep in the van on a couch which had been placed there by one of the members of her group. Originally the van was parked behind the house, but *642 later was moved to the street. Still later it was moved into the yard near a bedroom window of the house. Two other persons also slept in the van.
At approximately 3 a.m., a car, which was insured by State Farm Insurance Company, came through a service drive, jumped the curb and hit the van. The plaintiff suffered severe injuries. The defendant was the insurer of the van. A claim was made on behalf of plaintiff against the defendant, and some PIP benefits were paid. Eventually, however, the defendant refused to pay for additional replacement services, or to pay for a modified transportation vehicle, and suit was started.
Prior to trial the plaintiff moved for summary judgment, which motion was denied. A trial was held and, at the conclusion of the plaintiff's proofs, defendant moved for a directed verdict. The trial court granted this motion, finding that the van was not used as a motor vehicle when plaintiff was injured. Plaintiff appeals from this decision as of right.
Section 3105 (MCL 500.3105; MSA 24.13105) reads as follows:
"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."
There is no doubt but that plaintiff is entitled to no-fault benefits. The sole question is, which of two insurance companies must pay.
In Shinabarger v Citizens Mutual Ins Co, 90 Mich App 307, 314; 282 NW2d 301 (1979), lv den 407 Mich 895 (1979), this Court stated:
"Where the injury is entirely the result of an independent *643 cause in no way related to the use of the vehicle, however, the fact that the vehicle is the site of the injury will not suffice to bring it within the policy coverage."
Here, the van was parked off the street and was being used for sleeping accommodations, apparently because the house by which it was parked could not accommodate all of the guests. Furthermore, it was not adapted for such use by its owner. We agree with the trial court that the van was not being used as a motor vehicle.
Plaintiff raises two other questions. First, she contends that the defendant waived the defense that it was an improper party. This claim was not raised before the trial court, but the plaintiff, by way of her pretrial motion for summary judgment, claimed that the defendant had failed to state a valid defense to her claim. The defendant's answer, however, neither admitted nor denied that it was obligated to pay the benefits sought, and asked that the action be dismissed unless the plaintiff showed to the court that she was not otherwise entitled to benefits. We believe, therefore, that the question of whether the defendant was the proper party to be sued was raised in the defendant's answer.
Secondly, plaintiff claims that the trial court erred in denying her motion to equitably estop defendant from denying that it was the proper party. This question was raised prior to trial and also in plaintiff's motion for a new trial, which was denied. In denying the motion, the trial court concluded that the issue was moot, for, even if the case had gone to the jury and defendant had not been permitted to argue that State Farm was the proper party, that would still not establish that defendant was liable. We agree. Likewise, it should *644 be noted that plaintiff started suit against the driver of the other car and was aware of the fact that State Farm was the insurer, she having settled her claim with that company.
Affirmed. No costs, a question of statutory construction being involved.
HOOD, P.J. (dissenting).
I must respectfully dissent.
The trial court directed a verdict because it found that plaintiff was not entitled to PIP benefits from defendant because the van she was occupying at the time of the accident was not used as a motor vehicle at the time of the accident. See MCL 500.3105(1); MSA 24.13105(1).
In Kalin v DAIIE, 112 Mich App 497, 500-501; 316 NW2d 467 (1982), lv den 417 Mich 853 (1982), this Court said:
"Recently in Gutierrez v Dairyland Ins Co, 110 Mich App 126; 312 NW2d 181 (1981), this Court addressed a similar situation involving a parked vehicle and a moving vehicle. According to Gutierrez, where a claimant suffers accidental bodily injury arising out of the ownership, operation, maintenance, or use of a moving motor vehicle as a motor vehicle, the additional involvement of a parked vehicle is irrelevant to the issue of whether such a claimant is entitled to recover no-fault benefits. Under this approach, analysis of an accident under the parked vehicle exclusion is unnecessary unless there is no causal connection between the use, etc., of a moving vehicle and injury. Clearly, the Legislature did not intend the parked vehicle exclusion to apply to accidents involving both a parked vehicle and a moving vehicle except where the involvement of the moving vehicle is merely incidental or fortuitous." (Footnote omitted.)
Unquestionably, in this case plaintiff was injured when a motor vehicle used as such struck *645 the van she occupied. The determination of the nature of the van plaintiff occupied was irrelevant for deciding whether she was entitled to PIP benefits pursuant to § 3105, supra. Thus, I am in agreement with the majority opinion finding that plaintiff is entitled to no-fault benefits.
The question, then, is whether defendant is responsible to pay the PIP benefits.
Section 3114 of the no-fault act provides:
"(4) Except as provided in subsections (1) and (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
"(a) The insurer of the owner or registrant of the vehicle occupied.
"(b) The insurer of the operator of the vehicle occupied." MCL 500.3114(4); MSA 24.13114(4).
Defendant insured the owner or registrant of the van. Thus, if the remainder of the language of subsection (4) above applies, clearly defendant is first in priority to pay PIP benefits. It is beyond dispute that plaintiff (1) suffered accidental bodily injury, (2) arising from a motor vehicle accident, (3) while an occupant of the van. It is also beyond question that the van was a motor vehicle within the meaning of the no-fault act, MCL 500.3101(c); MSA 24.13101(c). There is no additional language in § 3114(4) that requires a PIP claimant to be an occupant of a motor vehicle used "as a motor vehicle" in order to be eligible for PIP benefits from the insurers named in subsections (4)(a) and (b) above. Therefore, I find the trial court's and the majority opinion's analysis of the use given to the van at the time of the accident totally irrelevant.
Moreover, not only is the finding that the van *646 was not being used as a motor vehicle irrelevant, it is also erroneous.
At the time of the accident at issue in this case, § 3106 of the no-fault act provided:
"(1) Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:
"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.
"(b) Except as provided in subsection (2), the injury was a direct result of physical contact with the equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.
"(c) Except as provided in subsection (2) for an injury sustained in the course of employment while loading, unloading, or doing mechanical work on a vehicle, the injury was sustained by a person while occupying, entering into, or alighting from the vehicle." MCL 500.3106; MSA 24.13106.
In Heard v State Farm Mutual Automobile Ins Co, 414 Mich 139, 144-145; 324 NW2d 1 (1982), the Court said of § 3106:
"[A] parked vehicle is not `involved in the accident' unless one of the exceptions to the parked vehicle provision (§ 3106) is applicable. Those exceptions spell out when a parked vehicle is deemed to be in use as a motor vehicle; `[e]ach exception pertains to injuries related to the character of a parked vehicle as a motor vehicle  characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents'. Miller v Auto-Owners Ins Co, 411 Mich 633, 640; 309 NW2d 544 (1981). (Emphasis changed.) (Footnote omitted.)
I read Heard and, more particularly, Miller, *647 supra, as saying that, when a parked motor vehicle involved in a motor vehicle accident fits one of the exceptions to the parking exclusion (§ 3106), it is conclusive that the vehicle was in use "as a motor vehicle".
Because plaintiff was undeniably an occupant of the parked van, which is unquestionably a motor vehicle, at the time of the accident, the van fits the parked vehicle exception of § 3106(c). Therefore, the van was a vehicle used as a motor vehicle at the time of the accident.
I would reverse the directed verdict and remand to the circuit court with directions to file an order granting plaintiff's motion for summary judgment.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.