GOBLER v AUTO-OWNERS INSURANCE COMPANY (ON REMAND)

Docket No. 100698. Submitted May 20, 1987, at Lansing. Decided September 8, 1987.

Linda K. Gobler brought an action in the Ingham Circuit Court against Auto-Owners Insurance Company, seeking to recover no-fault survivors' benefits as a result of the accidental death of her husband, Steven. At the time of his death, Steven was an unemployed full-time student, who had completed requirements for a degree in forestry. The degree was awarded posthumously. Prior to his death, Steven had applied to the United States Forestry Service, which had certified him eligible for employment. Six months after Steven's death, the forestry service forwarded to him an inquiry of availability. The court, James R. Giddings, J., found that Steven would have sought and secured full-time employment with the forestry service, awarded benefits on the basis of the amount he would have earned, in addition to attorney fees and interest accruing from the commencement of the trial, and granted partial accelerated judgment for the defendant on the plaintiff's claim for survivors' benefits. The Court of Appeals reversed, holding that the trial court's finding that the deceased would have been employed by the forestry service was clearly erroneous. 139 Mich App 768 (1984). Plaintiff appealed to the Supreme Court, which reversed the Court of Appeals decision and remanded the matter to the Court of Appeals to determine whether plaintiff is entitled to attorney fees. 428 Mich 51 (1987).

On remand, the Court of Appeals *held:*

Defendant's refusal to volunteer survivors' benefits was a good-faith refusal. The no-fault act provides for attorney fees where an insurer unreasonably refuses to pay a claim or unreasonably delays in making proper payment. The defendant's refusal to voluntarily pay the claim in this case was not unreasonable. The trial court's award of penalty interest and attorney fees is set aside.

*James G. Halverson & Associates, P.C.* (by *James G. Halverson*), for plaintiff.

*Denfield, Timmer & Taylor* (by *George H. Denfield* and *John W. Cotner*), for defendant.

Before: M. J. KELLY, P.J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

M. J. KELLY, P.J. This cause is remanded to us on order of the Supreme Court dated May 15, 1987, following reversal of this Court's opinion at 139 Mich App 768; 362 NW2d 881 (1984). 428 Mich 51; 404 NW2d 199. In that opinion the majority held that the plaintiff, Steven Gobler's widow, was improperly awarded survivors' benefits because "the trial judge's finding that Steven Gobler would have been employed by the U. S. Forestry Service is clearly erroneous." 139 Mich App 776. The Supreme Court reversed, finding that "[w]e are not convinced that the trial court made a mistake in its factfinding." 428 Mich 66. The only issue on remand is whether the plaintiff is entitled to attorney fees under MCL 500.3148(1); MSA 24.13148(1), which states:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

The Supreme Court remanded the question of attorney fees to this Court because it found as follows:

> It is unclear whether or not the Court of Appeals considered the defendant's good-faith arguments. We therefore remand this case to the Court

of Appeals for a more thorough disposition of defendant's substantive arguments regarding its good faith. [428 Mich 67.]

What more thorough disposition can be necessary to vindicate the defendant's position than the considered per curiam opinion of two judges of the Court of Appeals and two dissenting justices of the Supreme Court, Justice BOYLE and Chief Justice RILEY. I quote Justice BOYLE:

> The Court of Appeals decision reversing the trial court's award of survivor's benefits based on future employment and denying survivor's benefits because Steven Gobler was unemployed is evidence that the defendant may have been initially justified in denying plaintiff's claim. [428 Mich 68-69.]

As the dissenter in the Court of Appeals decision, it is clear to me that the defendant's refusal to volunteer survivors' benefits was a good-faith refusal.[1] The majority opinion written by Judge ALLEN (but perversely and inappropriately labeled per curiam)[2] was well written and well reasoned. It should be abundantly clear to any reader of that opinion and the authorities discussed therein that the good faith of the insurance company was clearly established. Stated another way, the insurance company's refusal to voluntarily pay the claim was not unreasonable. The trial court's award of penalty interest and attorney fees is set aside.

---

[1] I did not address the question of attorney fees in my dissent in *Gobler v Auto-Owners Ins Co,* 139 Mich App 768; 362 NW2d 881 (1984), and to the extent that the editor assessed my opinion as affirming "the trial court's award of survivor's benefits, penalty interest and attorney fees to plaintiff" at 139 Mich App 769, the editor was incorrect.

[2] As a court we have contended over this practice but never settled on a rule prohibiting the anomaly.