CLUTE v GENERAL ACCIDENT ASSURANCE COMPANY OF
CANADA

Docket No. 106425. Submitted January 11, 1989, at Detroit. Decided
June 6, 1989. Leave to appeal applied for.

Wanda Clute sustained injury while sleeping in a parked van
when the van was struck by another vehicle. Clute made a
claim for, and General Accident Assurance Company of Canada
denied, no-fault personal protection benefits. Clute brought an
action in Wayne Circuit Court against General Accident. A
mediation evaluation was rejected by defendant. The trial
court, Henry J. Szymanski, J., denied a motion for summary
judgment brought by plaintiff and, at trial, directed a verdict in
favor of defendant, ruling that the van was not being used as a
motor vehicle when plaintiff was injured. On appeal, a divided
panel of the Court of Appeals affirmed. 142 Mich App 640
(1985). The Supreme Court reversed the Court of Appeals for
reasons stated by Judge HOOD in his dissent and remanded the
matter to the trial court for entry of an order granting plain-
tiff's motion for summary judgment. 428 Mich 871 (1987). On
remand, the trial court ordered defendant to pay plaintiff's
attorney fees in the amount of $169,069.24, ruling that defen-
dant was liable for such fees under the no-fault act for its
unreasonable refusal to pay the benefits when claimed and
under the Wayne Circuit Court rule on mediation as a sanction
for its rejection of the mediation evaluation. Defendant ap-
pealed.

The Court of Appeals held:

1. Pursuant to § 3148(1) of the no-fault act, MCL 500.3148(1);
MSA 24.13148(1), a trial court may charge the plaintiff's attor-
ney fees against a defendant insurer in addition to benefits
recovered where the court finds that the insurer unreasonably
refused to pay the claim or unreasonably delayed in making
proper payment. Any delay, however, is not unreasonable
where there exists a legitimate question of statutory construc-

REFERENCES

Am Jur 2d, Automobile Insurance § 345; Costs §§ 10-13.
See the Index to Annotations under Costs of Actions; No-Fault
Insurance.

tion, constitutional law, or a bona fide factual uncertainty. In this case, there existed a legitimate question as to coverage in light of the circumstances of the accident giving rise to the claim. Thus, the trial court erred in awarding plaintiff her attorney fees since the delay in payment of benefits was not unreasonable.

2. The Wayne Circuit Court rule on mediation, Rule 403.15(d), as it existed at the time pertinent to this case, did not apply where judgment in favor of the party seeking costs as a sanction was entered pursuant to a pretrial motion or as the result of an appeal.

Reversed; award of attorney fees vacated.

MAHER, P.J., dissented and would hold that an insurer's refusal or delay of payment of benefits is always unreasonable where, as here, such refusal or delay resulted from a dispute involving insurer priority. He would affirm the trial court's award of attorney fees.

1. INSURANCE — NO-FAULT — CONTESTED CLAIMS — ATTORNEY FEES.

A trial court in an action to recover personal or property protection benefits under a no-fault automobile insurance policy may charge the plaintiff's attorney fees against the insurer in addition to benefits recovered where the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment; delay is not unreasonable where there exists a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty (MCL 500.3148[1]; MSA 24.13148[1]).

2. COSTS — MEDIATION — WAYNE CIRCUIT COURT RULES.

The Wayne Circuit Court rule which provided that, if a party had rejected an evaluation and the action proceeded to trial, that party must pay the opposing party's actual costs only applied to cases that proceeded to trial; the rule did not apply where judgment in favor of the party seeking costs was entered pursuant to a pretrial motion or as the result of an appeal (Wayne Circuit Court Local Rule 403).

*Beverly Clark,* for plaintiff.

*Eugene S. Hoiby* and *Robert J. Kanter,* for defendant.

Before: MAHER, P.J., and CYNAR and GRIFFIN, JJ.

GRIFFIN, J. Defendant General Accident Assurance Company of Canada appeals as of right from a January 14, 1988, order of the Wayne Circuit Court granting the plaintiff $169,069.24 in supplemental attorney fees. In awarding the attorney fees, the lower court found the defendant's failure to pay no-fault personal protection insurance benefits to be "unreasonable" pursuant to MCL 500.3148(1); MSA 24.13148(1). As an alternative ground, the order also awards the attorney fees as mediation sanctions. We disagree as to both bases for the award and therefore reverse the trial court and vacate the award of attorney fees.

I

On May 20, 1979, Canadian citizen Wanda Clute was sleeping in a parked rented van in Detroit, Michigan, when an automobile collided with the van. The group plaintiff was with had rented the van in London, Ontario, for the purpose of attending a gathering in Lansing, Michigan. At the time of the collision, the van was parked off the street. Plaintiff was sleeping inside the van on an unaffixed couch which had been temporarily placed in the van by a member of her group.

As a result of the accident, plaintiff sustained serious personal injuries for which she claimed Michigan no-fault personal protection insurance benefits from defendant General Accident Assurance Company of Canada. General Accident Assurance Company of Canada is a Canadian insurance company which insured the rented van. As a condition for conducting business in Michigan, General Accident had filed a certificate of insurance with the Michigan insurance commissioner thereby subjecting General Accident to the provi-

sions of the Michigan no-fault automobile insurance statute.

Plaintiff Clute is a Canadian citizen who has never purchased Michigan no-fault automobile insurance, nor is she covered by a Michigan no-fault policy issued on any family member. The no-fault relationship which exists between the parties is purely statutory.

In June, 1983, the Wayne Circuit Court tried the instant action. At the conclusion of plaintiff's proofs, the trial court directed a verdict in favor of the defendant "finding that the van was not used as a motor vehicle when plaintiff was injured." The directed verdict was thereafter affirmed by this Court in a two-to-one decision, *Clute v General Accident Assurance Co of Canada,* 142 Mich App 640; 369 NW2d 864 (1985). This Court in its opinion cited with approval the following quotation from *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307, 314; 282 NW2d 301 (1979), lv den 407 Mich 895 (1979):

> "Where the injury is entirely the result of an independent cause in no way related to the use of the vehicle, however, the fact that the vehicle is the site of the injury will not suffice to bring it within the *policy coverage."* [Emphasis added. 142 Mich App 642-643.]

The majority found dispositive the fact that the van was not being used as a motor vehicle at the time of the accident:

> Here, the van was parked off the street and was being used for sleeping accommodations, apparently because the house by which it was parked could not accommodate all of the guests. Furthermore, it was not adapted for such use by its owner. We agree with the trial court that the van was not being used as a motor vehicle. [142 Mich App 643.]

In holding that no-fault coverage was not afforded under the General Accident insurance policy in this instance in which the insured vehicle was used as a means for sleeping accommodations, this Court cited § 3105 of the no-fault statute:

> (1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter. [MCL 500.3105; MSA 24.13105.]

Plaintiff would have us construe the directed verdict granted the defendant and the affirmance entered by this Court as involving issues of priority between two insurers rather than coverage. A careful reading of this Court's previous opinion, however, indicates that the decision turned on the ground that no-fault coverage was not afforded by the insurer of the van because the van was not being used as a motor vehicle; not that another insurer was higher in the line of priority. The defendant's lack of no-fault coverage under these circumstances was discussed by this Court in response to plaintiff's claim that the defendant should be equitably estopped from denying that it was the proper party:

> Secondly, plaintiff claims that the trial court erred in denying her motion to equitably estop defendant from denying that it was the proper party. This question was raised prior to trial and also in plaintiff's motion for a new trial, which was denied. In denying this motion, the trial court concluded that the issue was moot, for, *even if the case had gone to the jury and defendant had not been permitted to argue that State Farm was the proper party, that would still not establish that defendant was liable. We agree.* [Emphasis added. 142 Mich App 643.]

Overlooked by the majority, but emphasized by Judge HOOD in his dissent, was the *other vehicle* which was being used as a motor vehicle when it collided with the van. Judge HOOD in his dissenting opinion cited with approval the following quotation contained in *Kalin v DAIIE,* 112 Mich App 497, 500-501; 316 NW2d 467 (1982), lv den 417 Mich 853 (1982):

> "Recently, in *Gutierrez v Dairyland Ins Co,* 110 Mich App 126; 312 NW2d 1981 (1981), this Court addressed a similar situation involving a parked vehicle and a moving vehicle. According to *Gutierrez,* where a claimant suffers accidental bodily injury arising out of the ownership, operation, maintenance, or use of a moving motor vehicle as a motor vehicle, the additional involvement of a parked vehicle is irrelevant to the issue of whether such a claimant is entitled to recover no-fault benefits. Under this approach, analysis of an accident under the parked vehicle exclusion is unnecessary unless there is no causal connection between the use, etc., of a moving vehicle and the injury." [142 Mich App 644.]

The Michigan Supreme Court found Judge HOOD's dissent to be persuasive. Accordingly, on March 9, 1987, after granting leave to appeal and hearing oral arguments, the Supreme Court reversed "for reasons stated by Judge HOOD in the Court of Appeals, and the cause is remanded to the Wayne Circuit Court for an entry of an order granting plaintiff's motion for summary judgment." *Clute v General Accident Assurance Company of Canada,* 428 Mich 871; 401 NW2d 615 (1987).

From the time defendant received a directed verdict in the circuit court in June, 1983, through the reversal by the Supreme Court on March 9, 1987, General Accident was operating pursuant to

a valid judgment in its favor. Despite the judgment, the lower court on remand found that the defendant should have paid the plaintiff no-fault benefits and was "unreasonable" in its refusal to pay. We disagree and hold that the judgment in defendant's favor and its affirmance by this Court is sufficient evidence of the reasonableness of defendant's position.

II

Unlike other common-law jurisdictions, such as the United Kingdom and Canada, the common law in the United States has held that attorney fees are not routinely awarded to the prevailing party. See generally *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 74-75; 212 NW2d 821 (1973). Absent a special statute or court rule, each party is normally responsible for his or her attorney fees. *Matras v Amoco Oil Co,* 424 Mich 675, 695; 385 NW2d 586 (1986). It is well recognized that statutes and court rules in derogation of the common law must be strictly construed. *Tibor v Dep't of State Highways,* 126 Mich App 159, 162; 337 NW2d 44 (1983); *Prentis v Yale Mfg Co,* 116 Mich App 466, 469-470; 323 NW2d 444 (1982).

The statute which the lower court relied upon to award the plaintiff $169,069.24 in attorney fees is MCL 500.3148(1); MSA 24.13148(1), which provides:

An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer *unreasonably* refused to pay the claim or *unreasonably* delayed in making proper payment. [Emphasis added.]

In *Gobler v Auto-Owners Ins Co,* 139 Mich App
768; 362 NW2d 881 (1984), the defendant insurer
contested liability for survivors' loss benefits. This
Court agreed with the defendant's position and
held that such benefits were not payable. The
Michigan Supreme Court reversed, holding that
the plaintiff was entitled to survivors' loss benefits.
*Gobler v Auto-Owners Ins Co,* 428 Mich 51; 404
NW2d 199 (1987). As to the issue of attorney fees
claimed by the plaintiff under § 3148, the Supreme
Court stated:

> A court may award attorney fees for unreason-
> able refusal or unreasonable delay in making pay-
> ments under the no-fault act. However, a refusal
> or delay in payments by an insurer will not be
> found "unreasonable" within the meaning of
> § 3148 where the delay is the product of a legiti-
> mate question of statutory construction, constitu-
> tional law, or even a bona fide factual uncertainty.
> *Liddell v DAIIE,* 102 Mich App 636, 650; 302
> NW2d 260 (1981). [428 Mich 66.]

Although the Supreme Court found in favor of
the plaintiff, it nevertheless remanded to the
Court of Appeals for a determination of whether
the defendant's refusal to pay was made in good
faith:

> The Court of Appeals found that the trial court
> improperly awarded survivors' benefits to plaintiff.
> The Court further found that the trial court
> clearly erred in awarding plaintiff attorney fees.
> Plaintiff asks this Court to reinstate attorney
> fees. Defendant contends that even if plaintiff is
> ultimately found to be entitled to recover survi-
> vors' benefits, an award of attorney fees in the
> instant case is not authorized under § 3148 be-
> cause this case presents both legitimate issues of
> statutory construction and bona fide factual ques-

tions. It is unclear whether or not the Court of Appeals considered the defendant's good-faith arguments. We therefore remand this case to the Court of Appeals for a more thorough disposition of defendant's substantive arguments regarding its good faith. [428 Mich 67.]

In a separate opinion, Justice BOYLE stated the following in regard to the attorney fees issue:

*The Court of Appeals decision* reversing the trial court's award of survivors' benefits based on future employment and denying survivors' benefits because Steven Gobler was unemployed *is evidence that the defendant may have been initially justified in denying plaintiff's claim.* [Emphasis added. 428 Mich 68-69.]

On remand, this Court in *Gobler v Auto-Owners (On Remand),* 162 Mich App 717; 413 NW2d 92 (1987), quoted with approval Justice BOYLE's opinion. In addition, we held:

[I]t is clear . . . that the defendant's refusal to volunteer survivors' benefits was a good-faith refusal. The majority opinion written by Judge ALLEN . . . was well written and well reasoned. It should be abundantly clear to any reader of that opinion and the authorities discussed therein that the good faith of the insurance company was clearly established. Stated another way, the insurance company's refusal to voluntarily pay the claim was not unreasonable. The trial court's award of penalty interest and attorney fees is set aside. [162 Mich App 719.]

It is well established that, where a reasonable dispute exists as to coverage under a no-fault insurance policy, the insurer is allowed to contest the claim without penalty. As we stated in *Lewis v*

*Aetna Casualty & Surety Co,* 109 Mich App 136, 139; 311 NW2d 317 (1981):

> While it is true that the purpose of the no-fault act is to provide insureds with assured, adequate, and prompt compensation for losses, *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), the act is replete with references to contested claims. Cf. §§ 3112, 3142, 3145 3148, 3151. Reading the act as a whole, it is clear that the Legislature did not intend for no-fault insurers to pay all claims submitted without reviewing the claims for lack of coverage, excessiveness, or fraud. *Where a reasonable dispute exists as to coverage or the amount of benefits owing, the insurer is allowed to contest the claim under the act without penalty.* See *Lewis v Detroit Automobile Inter-Ins Exchange,* 90 Mich App 251; 282 NW2d 794 (1979), *Wood v Detroit Automobile Inter-Ins Exchange,* 99 Mich App 701; 299 NW2d 370 (1980), *Swanson v Citizens Ins Co,* 99 Mich App 52; 298 NW2d 119 (1980).
>
> Thus, plaintiff's argument that insurers are required to merely process and pay claims without reasonably challenging their validity lacks support in the act or under case law. [Emphasis added.]

In *Davidson v Johnson,* 76 Mich App 497; 257 NW2d 139 (1977), and *Davidson v Johnson (On Rehearing),* 79 Mich App 660, 667-668; 262 NW2d 887 (1977), this Court addressed the occupant (§ 3114) and nonoccupant (§ 3115) priority schemes of the no-fault act as they related to an automobile-motorcycle collision. Our Court in *Davidson* held that a motorcyclist should be treated as a nonoccupant since his motorcycle was deemed not to be a motor vehicle as defined by the act. Accordingly, the priority section of § 3115, not § 3114, was held applicable. In Davidson, the plaintiff argued that the applicable insurance company under § 3115 should pay reasonable attorney fees

since the denial to pay benefits was "unreasonable." This Court disagreed and held that in such a conflict between the separate priority provisions of § 3114 and § 3115, substantial statutory construction issues were involved thereby making the award of attorney fees inappropriate:

> Thus, attorney fees are only to be charged against an insurer upon a finding that the insurer "unreasonably" delayed payment or refused to pay. Because of the substantial constitutional and statutory construction issues raised in the instant case, it cannot be said that the refusals of both insurers to pay the claimed benefits were "unreasonable". The trial court's denial of attorney fees was proper. [76 Mich App 504.]

The separate and distinct priority provisions of § 3114 and § 3115 were also discussed by the Michigan Supreme Court in *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co*, 419 Mich 565; 357 NW2d 652 (1984). Like *Davidson*, the determination as to which insurance company, Royal Globe or Frankenmuth, paid the plaintiff no-fault benefits depended on whether the plaintiff was an occupant (§ 3114) or nonoccupant (§ 3115). In reversing the Court of Appeals and finding the plaintiff not to be an occupant of the vehicle and thus holding Frankenmuth responsible for no-fault benefits rather than Royal Globe, it is significant that attorney fees against Frankenmuth were not awarded.

Plaintiff cites several Court of Appeals decisions in which attorney fees were deemed proper. In these cases, the plaintiff possessed his or her own no-fault insurance policy or was covered by a policy of a family member. The defendant insurer, who admitted coverage for the loss, nevertheless denied paying the claim on the grounds that an-

other insurer higher in the priority scheme should pay. See *Darnell v Auto-Owners Ins Co,* 142 Mich App 1; 369 NW2d 243 (1985); *Bach v State Farm Mutual Automobile Ins Co,* 137 Mich App 128; 357 NW2d 325 (1984); *Kalin v DAIIE,* 112 Mich App 497; 316 NW2d 467 (1982), lv den 417 Mich 853 (1982). In each of these cases, it was undisputed that the plaintiff's insurer had coverage for the loss and would be required to pay no-fault benefits but for another insurer higher in the priority scheme. This Court held that the failure of the plaintiff's own insurer to pay should be deemed unreasonable when the only dispute was one of priority.

The cases cited by plaintiff deal with priority, not coverage. In the instant case, unlike the decisions cited, plaintiff did not possess a no-fault insurance policy contract with defendant General Accident. Plaintiff's coverage under the General Accident policy is statutorily imposed. The lower court at trial and this Court in its initial opinion held that plaintiff was not statutorily entitled to coverage under the General Accident policy because the van it insured "was not being used as a motor vehicle at the time of the collision."

Although defendant's denial of coverage for the loss was in error, serious and legitimate issues of statutory construction were involved. This Court in its prior opinion denied costs on the grounds that the case presented significant issues of statutory construction: "No costs, a question of statutory construction being involved." *Clute, supra,* p 644.

We therefore hold that the lower court clearly erred in finding the defendant's failure to pay no-fault benefits to be unreasonable.

III

Second, we hold that the award of attorney fees was also impermissible as a mediation sanction. Mediation was held on the case in October, 1982. At that time, the mediation court rule in effect was Wayne Circuit Court Rule 403. The pertinent provision with respect to sanctions was 403.15(d):

> When the board's evaluation is unanimous, and the plaintiff accepts the board's evaluation but the defendant rejects it and the matter proceeds to trial, the defendant must obtain a verdict in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than ten percent (10%) below the evaluation of the board or pay actual costs.

In the present case, the action proceeded to trial and the directed verdict received by the defendant was more favorable to the defendant than the evaluation. Accordingly, mediation sanctions against the defendant were not available.

We refuse plaintiff's invitation to extend the Wayne Circuit mediation rule as it then existed to judgments entered pursuant to motions prior to trial or posttrial appeals. See *Silverstein v Services Inc,* 165 Mich App 355; 418 NW2d 461 (1987); *American Casualty Co v Costello,* 174 Mich App 1, 13; 435 NW2d 760 (1989); *Mehelas v Wayne Co Community College,* 176 Mich App 809; 440 NW2d 117 (1989).

Reversed; award of attorney fees vacated.

Cynar, J., concurred.

Maher, P.J. *(dissenting).* I respectfully dissent.

The section of the no-fault act which authorizes an award of attorney fees, § 3148(1), provides:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. [MCL 500.3148(1); MSA 24.13148(1).]

Although the terms "unreasonably refused" and "unreasonably delayed" are not defined in the act, it has been held that a refusal or delay in making payment is not unreasonable where it is a product of a legitimate question of statutory construction, constitutional law, or even a bona fide factual uncertainty. *Liddell v DAIIE,* 102 Mich App 636, 650; 302 NW2d 260 (1981), lv den 411 Mich 1079 (1981).

However, cases from this Court interpreting § 3148(1) have distinguished between situations where there is a legitimate dispute over the applicability of the no-fault act, or the amount of the benefits claimed thereunder, and situations where the insurer disputes its priority in paying the no-fault benefits. In the former situations, attorney fees are not awardable. See, e.g., *Kreighbaum v Automobile Club Ins Ass'n,* 170 Mich App 583, 586-587; 428 NW2d 718 (1988); *Joiner v Michigan Mutual Ins Co,* 137 Mich App 464, 479; 357 NW2d 875 (1984), lv den 422 Mich 920 (1985); *Butt v DAIIE,* 129 Mich App 211, 220-221; 341 NW2d 474 (1983); *English v The Home Ins Co,* 112 Mich App 468, 475-476; 316 NW2d 463 (1982). In the latter situations, attorney fees are awardable even though there may have been a legitimate question

as to which insurer had first priority to pay the no-fault benefits. See, e.g., *Darnell v Auto-Owners Ins Co,* 142 Mich App 1, 11-13; 369 NW2d 243 (1985); *Bach v State Farm Mutual Automobile Ins Co,* 137 Mich App 128, 132-133; 357 NW2d 325 (1984); *Kalin v DAIIE,* 112 Mich App 497, 509-510; 316 NW2d 467 (1982), lv den 417 Mich 853 (1982). The reason for the stricter treatment of priority situations is because the preferred method of resolving priority disputes between two insurers is for one of the insurers to pay the claim and then sue the other in an action for subrogation. Problems of priority among insurers should not cause delay in the payment of benefits to which the claimant is entitled. *Darnell, supra,* p 12.

According to established case law then, plaintiff's entitlement to attorney fees is dependent solely upon whether the issue in dispute was a matter of insurer priority. If the case involved a priority dispute, it matters not that an insurer had a legitimate question regarding its own liability to the plaintiff. In that situation, the plaintiff would be entitled to attorney fees, plain and simple. *Darnell, supra; Bach, supra; Kalin, supra.*

Contrary to the majority's characterization of this case, I believe the true nature of the dispute—as ultimately confirmed by our Supreme Court—was one of insurer priority. In his dissent in *Clute v General Accident Assurance Co of Canada,* 142 Mich App 640; 369 NW2d 864 (1985) (hereinafter *Clute I*), Judge HOOD clearly viewed the central issue as involving a priority dispute. Not only did he quote in full the no-fault act's applicable priority provision, MCL 500.3114(4); MSA 24.13114(4), but he also specifically stated that "if the remainder of the language of subsection (4) above applies, clearly defendant is *first in priority* to pay PIP benefits." (Emphasis added.) *Id.,* p 645. When the

case went before our Supreme Court, it reversed the *Clute I* majority in a summary decision, adopting the dissent of Judge HOOD. 428 Mich 871; 401 NW2d 615 (1987). Thus, the Supreme Court also viewed the dispute as one of insurer priority. That view, which became the law of the case, cannot be disturbed or ignored by this Court on subsequent appeal. *Perron v Royal Oak School Dist Bd of Ed,* 155 Mich App 759, 766; 400 NW2d 709 (1986), lv den 428 Mich 891 (1987). Yet, this is exactly what the majority has done in holding that plaintiff is not entitled to attorney fees.

I do not believe it is of any consequence that defendant received favorable rulings from both the trial court and the *Clute I* majority. First of all, attorney fees may properly be assessed against an insurer even though, on appeal, it receives a favorable ruling on the primary issue. *Darnell, supra,* p 12. The reason for such a rule is that problems of priority among insurers do not justify delaying or refusing payment of benefits to the claimant who is undisputably entitled to benefits from one of the insurers. *Id.* Rather than refuse payment of any benefits whatsoever, the insurer's course of action is to pay the proven claims and then sue the other insurer for subrogation. "A claimant who is clearly entitled to no-fault benefits should not be forced to hire an attorney merely because the circumstances of his accident create problems of priority among insurers." *Kalin, supra,* p 510.

Moreover, I do not believe it would be unfair to assess attorney fees against defendant simply because it prevailed at the trial level and on initial appeal. As clearly spelled out by the Supreme Court, both the trial court and the *Clute I* majority were wrong. Had the case been properly decided from the outset, there is no doubt in my mind that plaintiff would be entitled to attorney

fees. Defendant should not escape liability for those fees just because it had the good fortune of receiving favorable, but erroneous, rulings from both the trial court and this Court prior to a final, and adverse, decision by the Supreme Court. To hold otherwise would be to penalize the plaintiff for the mistakes of the judiciary.

Because I believe plaintiff is entitled to attorney fees under the no-fault act, I find it unnecessary to decide whether she would be alternatively entitled to such fees under MCR 2.403(O).