KEISER v ALLSTATE INSURANCE COMPANY

Docket No. 130579. Submitted March 11, 1992, at Detroit. Decided August 3, 1992, at 10:20 A.M. Leave to appeal sought.

Dennis Keiser brought an action in the Wayne Circuit Court against Allstate Insurance Company, his insurer, seeking no-fault benefits. A mediation panel issued an evaluation in favor of the plaintiff, which the defendant accepted and the plaintiff rejected. A jury returned a verdict for the plaintiff in an amount greater than the mediation evaluation. The Court of Appeals, WEAVER, P.J., and SULLIVAN and R. A. BENSON, JJ., in an unpublished opinion per curiam, decided March 23, 1989 (Docket No. 101312), reversed, holding that the trial court erred in denying a directed verdict for the defendant or judgment notwithstanding the verdict in the absence of proof that the plaintiff had paid for insurance. The Supreme Court denied leave to appeal. 434 Mich 856 (1990). The trial court, James E. Mies, J., as a sanction for the plaintiff's rejection of the mediation evaluation, awarded the defendant's costs and fees incurred up to the conclusion of trial. The plaintiff appealed.

The Court of Appeals *held:*

MCR 2.403(O)(1) provides that if a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. Before an amendment that took effect after the plaintiff's rejection of the mediation evaluation in this case, the court rule did not define "verdict." Because the purpose of mediation sanctions is to impose the burden of litigation costs upon the party that insists upon trial by rejecting a mediation evaluation, "verdict" must be defined to mean the ultimate verdict after appellate review. In this case, the ultimate verdict was less favorable to the plaintiff than the mediation evaluation, thereby making him liable for mediation sanctions.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 1011, 1017; Costs §§ 14 et seq., 26 et seq.

See the Index to Annotations under Appeal and Error; Costs and Expenses; Costs of Actions.

Pretrial Procedure — Mediation — Appeal — Sanctions.
A party that rejects a mediation evaluation rendered in its favor, which is accepted by the opposing party, is liable for the opposing party's actual costs as a mediation sanction where, although it obtains a jury verdict more favorable than the evaluation, that verdict is reversed on appeal (MCR 2.403[O]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Ann Curry Thompson*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Richard E. Eaton* and *Nancy J. Bourget*), for the defendant.

Before: MacKenzie, P.J., and Wahls and Brennan, JJ.

Wahls, J. Plaintiff appeals as of right from an order of the Wayne Circuit Court, which entered a directed verdict in favor of defendant and assessed mediation sanctions against plaintiff pursuant to MCR 2.403(O). On appeal, plaintiff contests the assessment of mediation sanctions.

The facts of this case are straightforward and fairly common, so much so that we are surprised that the issue raised by plaintiff has not been previously addressed in a published opinion of an appellate court of this state. Plaintiff brought an action for no-fault insurance benefits against defendant in February 1983. Mediation took place in October 1985 and resulted in an evaluation of $12,000 for plaintiff. Plaintiff rejected the award; defendant accepted. The case proceeded to trial in August 1986 where, after the trial court denied defendant's motion for a directed verdict, a jury awarded plaintiff an amount far in excess of the mediation evaluation. Defendant appealed to this

Court, which held that the trial court erred when it denied defendant's motion for a directed verdict and motion for judgment notwithstanding the verdict. Plaintiff's pleadings and proofs were insufficient to show that he had paid his insurance premiums. *Keiser v Allstate Ins Co,* unpublished opinion per curiam of the Court of Appeals, decided March 23, 1989 (Docket No. 101312). We reversed the denial of defendant's motion for a directed verdict. Our Supreme Court denied plaintiff leave to appeal. 434 Mich 856 (1990).

Defendant subsequently moved for an assessment of mediation sanctions in the trial court. Plaintiff protested, arguing that he had received a verdict from the jury that was more favorable than the mediation evaluation, and that the final outcome of a case reached by "appellate activity" was irrelevant with respect to MCR 2.403(O). The trial court disagreed and ordered plaintiff to pay defendant's costs and fees. Significantly, the order expressly stated that defendant's recovery was limited to costs and fees incurred during and before trial. No costs or fees were awarded for any appellate or posttrial activity. The only issue on appeal is whether, after a party rejects a mediation evaluation and, following a trial, a verdict more favorable to the rejecting party is returned, MCR 2.403(O) allows the imposition of sanctions on the rejecting party following appellate reversal of the verdict where the final result is no longer favorable to that party. We hold that it does.

At the time mediation occurred, MCR 2.403(O)(1) provided:

> If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is

more favorable to the rejecting party than the mediation evaluation.[1]

The purpose of mediation sanctions is to impose the burden of litigation costs upon the party who insists upon trial by rejecting a mediation award. *Taylor v Anesthesia Associates of Muskegon, PC,* 179 Mich App 384, 386; 445 NW2d 525 (1989); *Wayne-Oakland Bank v Brown Valley Farms, Inc,* 170 Mich App 16, 21; 428 NW2d 13 (1988). The former version of MCR 2.403(O) has been interpreted by panels of this Court as requiring two conditions before sanctions are triggered: (1) the party to be sanctioned rejected the mediation evaluation; and (2) "the action proceeds to trial." *Herrera v Levine,* 176 Mich App 350, 359; 439 NW2d 378 (1989); *Wayne-Oakland Bank, supra; O D Silverstein, MD, PC v Services, Inc,* 165 Mich App 355, 360; 418 NW2d 461 (1987). "The additional language that a 'party must pay the opposing party's costs unless the verdict is more favorable to the rejecting party' should be interpreted in such a manner that it is the rejecting party that must obtain a verdict more favorable to avoid sanctions." *Herrera, supra.* Thus, in the present case, sanctions have been triggered by plaintiff's rejection of the mediation award and the occurrence of a trial. The question is whether plaintiff received a verdict more favorable than the evaluation within the meaning of MCR 2.403(O) so as to avoid the imposition of sanctions. The former version of the rule did not define the word "verdict," although the present version does.[2]

---

[1] MCR 2.403(O) was later amended, effective December 1, 1987. The amendment provides an express definition of the word "verdict" for the purpose of the rule. We will consider the preamendment version of MCR 2.403(O). *Mehelas v Wayne Co Community College,* 176 Mich App 809, 811, n 1; 440 NW2d 117 (1989).

[2] (2) For the purpose of this rule, "verdict" includes,

   (a) a jury verdict,

Plaintiff claims that the question is expressly answered by *Clute v General Accident Assurance Co of Canada,* 177 Mich App 411; 442 NW2d 689 (1989). *Clute* concerned, in part, an award of attorney fees as a mediation sanction pursuant to former Wayne Circuit Court Rule 403, a rule substantially similar to MCR 2.403(O). The defendant had been granted a directed verdict by the trial court, which was affirmed by this Court. The Supreme Court subsequently reversed and remanded the case for entry of summary judgment in favor of the plaintiff. The trial court then awarded attorney fees to the plaintiff pursuant to WCCR 403. On appeal from that order to this Court, a panel of this Court vacated the award on the ground that the original directed verdict was more favorable to the defendant than the mediation evaluation.

> We refuse plaintiff's invitation to extend the Wayne Circuit mediation rule as it then existed to judgments entered *pursuant to motions prior to trial or posttrial appeals.* See *Silverstein v Services, Inc,* 165 Mich App 355; 418 NW2d 461 (1987); *American Casualty Co v Costello,* 174 Mich App 1, 13; 435 NW2d 760 (1989); *Mehelas v Wayne Co Community College,* 176 Mich App 809; 440 NW2d 117 (1989). [*Clute* at 423; emphasis added.]

The procedural history of *Clute* is somewhat similar to that of the present case. However, while the panel's position regarding pretrial motions was amply supported by existing case law, *Silverstein,*

(b) a judgment by the court after a nonjury trial,

(c) a judgment entered as a result of a ruling on a motion filed after mediation.

Unlike the former version of MCR 2.403(O), the present version allows the imposition of sanctions following a pretrial grant of summary disposition. *Johnson v State Farm Mutual Automobile Ins Co,* 183 Mich App 752, 767-769; 455 NW2d 420 (1990). We see no meaningful distinction between the past and present versions of MCR 2.403(O) that would be pertinent to the question before us.

*supra; Mehelas, supra,*[3] its statement regarding judgments entered pursuant to posttrial appeals was not. *American Casualty Co, supra,* held only that costs and expenses incurred *on appeal* could not be recovered through resort to MCR 2.403(O). *American Casualty Co, supra* at 13. See also *Giannetti Bros Construction Co v City of Pontiac,* 175 Mich App 442, 447; 438 NW2d 313 (1989). Rather, sanctions for appellate expenses are expressly set forth in MCR 7.216(C), which does not provide for mediation sanctions. Thus, the result in *Clute* was not supported by the authority upon which it rested.

We believe that the fact that the instant plaintiff's jury verdict was set aside by this Court is relevant to the imposition of sanctions pursuant to MCR 2.403(O). At the time defendant moved for mediation sanctions, there was but one verdict in this case, a directed verdict in favor of defendant. Because the directed verdict was not more favorable to plaintiff than the mediation evaluation, plaintiff is liable for mediation sanctions. Plaintiff's construction of the rule would frustrate its purpose of imposing the burden of litigation costs on the party that rejects the mediation evaluation and elects to go to trial by allowing him to escape sanctions and burden defendant because of an error of law on the part of the trial court. We conclude that it is the ultimate verdict that the

___

[3] Defendant argues that *Clute* may be distinguished from the present case because the Supreme Court directed that an order of summary judgment be entered for the plaintiff, and summary judgment is not a "verdict" within the meaning of WCCR 403 or MCR 2.403(O) according to established case law. Under the former version of MCR 2.403(O), sanctions were not available upon summary judgment or disposition because the case had not proceeded to trial. Despite the form of judgment ordered by the Supreme Court in *Clute,* the litigation had "proceed[ed] to trial," thereby triggering sanctions. *Herrera, supra.*

parties are left with after appellate review is complete that should be measured against the mediation evaluation to determine whether sanctions should be imposed on a rejecting party pursuant to MCR 2.403(O).[4]

Affirmed.

MacKENZIE, P.J. I concur in the result only.

[4] A result similar to that reached today occurred in *McAtee v Guthrie*, 182 Mich App 215; 451 NW2d 551 (1989). There is no indication in *McAtee*, however, that the issue raised by plaintiff in this case was before that panel.