MOLENGRAFF v HOLLAND TRANSMISSION SERVICE, INC

Docket No. 122817. Submitted February 13, 1991, at Grand Rapids. Decided March 19, 1991, at 9:25 A.M.

Jerry L. Molengraff was awarded weekly workers' compensation benefits payable by Holland Transmission Service, Inc., and Frankenmuth Mutual Insurance, its insurer, over 162 weeks pursuant to a decision by a workers' compensation hearing referee. The defendants appealed and commenced payment of partial benefits of seventy percent of the weekly benefit, as required by § 862 of the Workers' Disability Compensation Act, MCL 418.862; MSA 17.237(862). The defendants subsequently discovered that they had paid benefits in excess of the award period, and petitioned for a recoupment of the excess. The petition was denied. The Workers' Compensation Appeal Board thereafter affirmed the original decision awarding benefits, but reduced the amount of benefits. The defendants paid the balance of plaintiff's accrued benefits, medical expenses, and interest, reduced by the amount of the excess. The plaintiff petitioned for full compensation and an assessment of penalty for late payment. A workers' compensation magistrate determined that § 862 does not allow a credit to be taken against payments mistakenly made and that the defendants' failure to appeal the hearing referee's decision denying their petition for recoupment left them without a remedy. The Workers' Compensation Appellate Commission affirmed the magistrate's decision. The defendants appealed by leave granted.

The Court of Appeals held:

Section 862 allows a credit to be taken for workers' compensation benefits mistakenly paid during the pendency of an appeal. The defendants in this case are not precluded from claiming such a credit on the basis of their failure to appeal the denial of their petition for recoupment.

1. Section 862(1) provides that if an award is affirmed by a final determination, the carrier is to pay all compensation which has become due under the award, less any compensation

REFERENCES

Am Jur 2d, Workmen's Compensation § 365.
See the Index to Annotations under Workers' Compensation.

already paid. While § 862 does not expressly provide for a credit for compensation mistakenly paid, its plain meaning requires a carrier only to pay compensation which becomes due pursuant to an award in excess of any compensation already paid. Allowing the defendants credit for the compensation payments mistakenly made pending appeal would not cause the plaintiff to receive less benefits than those to which he is entitled, would not reduce the total amount of compensation for which the employer was liable, and would not be inconsistent with either the purpose or the plain meaning of § 862.

2. The defendants are not precluded from claiming a credit pursuant to § 862 on the basis of their failure to appeal the denial of their petition for recoupment. Because neither the hearing referee nor the appeal board addressed the issue of credit, no law of the case was established with regard to this issue. Moreover, because the claim of credit could not have been raised before the award of benefits was finally determined by the appeal board, the defendants could not have raised the claim before the appeal board so as to permit the claim to be barred on the basis of res judicata.

Reversed and remanded.

WORKERS' COMPENSATION — PAYMENT OF BENEFITS — PENDING APPEAL — EXCESS PAYMENTS.

An employer or insurer who, during the pendency of an appeal of an award of workers' compensation benefits, mistakenly pays weekly benefits in excess of the period set by the award may claim a credit against the award finally determined on appeal for all benefits already paid, including the excess benefits (MCL 418.862; MSA 17.237[862]).

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *Robert O. Chessman*), for the plaintiff.

*Cholette, Perkins & Buchanan* (by *Stephen C. Oldstrom*), for the defendants.

Before: CAVANAGH, P.J., and MAHER and FITZGERALD, JJ.

PER CURIAM. Defendants appeal by leave granted from an order of the Workers' Compensation Appellate Commission affirming a magistrate's decision denying defendants' request for a

credit against payments previously paid by mistake. We reverse.

Plaintiff, an employee of defendant Holland Transmission Service, Inc. (defendant Frankenmuth Mutual's compensation insured), was awarded 162 weeks of workers' compensation specific-loss benefits at the rate of $167 a week for an eye injury sustained at work on December 11, 1979. See MCL 418.361(2)(l); MSA 17.237(361)(2)(l). Defendants appealed, but commenced payment of seventy percent of the specified award pending appeal, as required by MCL 418.862(1); MSA 17.237(862)(1). Although the specified benefits period ended January 18, 1983, while the appeal was still pending, defendants inadvertently continued to pay benefits until May 9, 1984, when they finally noticed their mistake. By that time, however, defendants had paid approximately $8,000 more than they were required to pay under the seventy percent rule. Accordingly, while their appeal was still pending, defendants filed a separate petition, seeking recoupment of the excess benefits previously paid. Although it was agreed that the matter would be decided on briefs, defendants failed to timely file a brief, and their petition was denied in a decision mailed by a hearing referee on July 23, 1985. Defendants did not appeal this decision.

Subsequently, on December 19, 1985, the Workers' Compensation Appeal Board affirmed the original decision awarding plaintiff benefits, but modified the amount to $156 a week because plaintiff had not established his wife's dependency. In its decision, the WCAB expressly noted the earlier ruling denying defendants' petition for recoupment, but expressed no opinion with regard to its propriety. Defendants then applied for leave to appeal the WCAB's decision in both this Court and

the Supreme Court; however, leave was denied in both instances. See 426 Mich 861 (1986).

Because they were now faced with a final order, defendants sent plaintiff a check on November 19, 1986, in the amount of $12,302.91, representing the amount of accrued loss benefits, medical expenses, and interest they claimed was owed, less the approximately $8,000 that had been previously paid by mistake. Contending that defendants were not entitled to offset the amount mistakenly paid, plaintiff filed a petition with the bureau on December 8, 1986, seeking full compensation and a $1,500 penalty for late payment, MCL 418.801(2); MSA 17.237(801)(2). Additionally, on March 16, 1987, plaintiff filed a circuit court action pursuant to MCL 418.863; MSA 17.237(863), requesting a judgment on a final order of the WCAB.

In a decision mailed November 17, 1987, a magistrate ruled that § 862(1) of the act, MCL 418.862(1); MSA 17.237(862)(1), does not allow a credit to be taken against payments mistakenly made and, further, that defendants' failure to appeal the hearing referee's decision denying recoupment now left them without a remedy. Defendants appealed this decision to the WCAC.

In the meantime, the circuit court entered a judgment on May 2, 1988, granting defendants their requested credit. On appeal, however, this Court, reasoning that the resolution of workers' compensation disputes rests exclusively with the bureau, vacated the circuit court judgment "for the reason that the WCAB expressly did not address the overpayment issue and the circuit court lacked jurisdiction to resolve the dispute." *Molengraff v Holland Transmission Service, Inc,* unpublished opinion per curiam, decided June 8, 1989 (Docket No. 108823). The case was remanded to the circuit court with instructions to delay entry of judgment

until a certified copy of a final order of the WCAC proceeding was presented.

Finally, on October 11, 1989, the WCAC issued its order affirming the magistrate's decision. Defendants now appeal from that order by leave granted.

The instant case presents two issues: First, whether § 862 of the workers' compensation act allows a credit to be taken for compensation mistakenly paid during the pendency of an appeal such as this; second, if so, whether the defendants are precluded from claiming such a credit because of their failure to appeal the hearing referee's earlier order denying recoupment. We hold that a credit is available in this case and that defendants are not precluded from claiming such credit.

I

Section 862, in addition to requiring payment to a claimant of seventy percent of the weekly benefits required by the terms of an award pending appeal, also addresses the carrier's rights and responsibilities upon a final determination of the appeal. In this regard, § 862(1) provides in sentences four, five, and six:

> If the weekly benefit is reduced or rescinded by a final determination, the carrier shall be entitled to reimbursement in a sum equal to the compensation paid pending the appeal in excess of the amount finally determined. Reimbursement shall be paid upon audit and proper voucher from the second injury fund established in chapter five. If the award is affirmed by a final determination, the carrier shall pay all compensation which has become due under the provisions of the award, *less any compensation already paid.* [Emphasis added.]

In *Hiltz v Phil's Quality Market,* 417 Mich 335;

337 NW2d 237 (1983), our Supreme Court was called upon to construe this language. In *Hiltz,* the plaintiff was awarded 136 weeks of specific-loss benefits for the loss of the use of a thumb (sixty-five weeks), index finger (thirty-eight weeks), and middle finger (thirty-three weeks). The employer appealed and paid seventy percent of the award pending appeal. On appeal, the award of sixty-five weeks of specific-loss benefits for the thumb was reversed, but the remainder of the award was affirmed. Subsequently, the question arose regarding whether defendants were entitled to offset the seventy percent benefits previously paid for the sixty-five week period against all the compensation which had become due under the provisions of the award, or whether the defendants' only recourse was to seek reimbursement for such amount from the Second Injury Fund. The Supreme Court held that the employer was entitled to a credit for the seventy percent benefits paid for the sixty-five-week period against accrued, but unpaid, compensation finally determined to be due the claimant on the final determination date.

In reaching its conclusion, the Supreme Court reasoned that, while sentences four and five of § 862(1) discuss reimbursement, sentence six makes provision for an offset or credit. The Court recognized that liability for reimbursement rests solely with the Second Injury Fund and that, no matter what the final award, the employee is never liable for this reimbursement. *Hiltz,* p 346. See also *McAvoy v H B Sherman Co,* 401 Mich 419; 258 NW2d 414 (1977). However, the Court noted that while "[r]eimburse means '[t]o pay back, to make restoration, to repay that expended,' . . . offset or credit in this context does not require the employee to return monies already acquired, nor will it cause the employee to receive less

benefits than those to which the employee is ultimately entitled." *Hiltz,* pp 346-347. Therefore, construing sentence six, the Court went on to say:

> We are bound by the plain meaning of sentence six. The carrier is to pay *all* awarded compensation "which has become due" as of the final determination of the appeal, "less *any* compensation already paid". In the case at bar, the total specific loss benefits awarded to the plaintiff had become due prior to the final determination date. From this total amount "any compensation already paid" by the employer/carrier must be subtracted. [*Id.,* p 348. Emphasis in original.]

In this case, both the workers' compensation magistrate and the WCAC refused to apply *Hiltz,* reasoning that the decision applied only where a credit is claimed for seventy percent benefits required to be paid, not where benefits were mistakenly paid. However, after examining § 862 in conjunction with the *Hiltz* rationale, we conclude that a credit is both permitted and warranted in this case.

The *Hiltz* Court specifically noted that its case did not fit neatly into either of the § 862 categories, in that it involved neither an award which was "reduced or rescinded" nor one that was "affirmed." Rather, the Court labeled the case a "hybrid" of these two situations, and stated that any attempt to force the facts of the case into a single category would lead to unreasonable consequences which it would not condone. *Id.,* pp 349-350. Noting that the purpose of § 862 was *not* to authorize double recovery, which the Court described as "repugnant to the very principles of workers' compensation," *id.,* p 350; see also *Stanley v Hinchliffe & Kenner,* 395 Mich 645, 657; 238 NW2d 13 (1976), the Court went on to say:

> To permit the employer/carrier to offset compensation already paid will not penalize any of the parties and will comport with the plain meaning of § 862. Plaintiff will receive the total amount of specific loss benefits to which he is entitled. The employer/carrier will pay the total amount of compensation for which it is liable. [*Hiltz,* p 352.]

While the instant case is different from *Hiltz* in some respects, the *Hiltz* rationale is nevertheless applicable. Like *Hiltz,* the instant case does not fit neatly into either of the § 862 categories. Although, from a technical standpoint, this case does involve an award that was "reduced," it does not involve a situation where the compensation paid pending appeal was in excess of the amount finally determined.[1] Thus, defendants would not be entitled, under § 862, to reimbursement from the Second Injury Fund. However, under the award, the total specific-loss benefits awarded to the plaintiff became due before the final determination date, and it is undisputed that plaintiff received compensation benefits during the pendency of the appeal in excess of the seventy percent amount defendants were required to pay under § 862, and that it is not reimbursement of these benefits defendants are seeking, but rather a credit against the amount finally determined to be due.

Clearly, the language of § 862 does not expressly provide for a credit for compensation mistakenly paid as in this case. However, pursuant to the plain meaning of § 862, a carrier is only required to pay compensation which has become due under the provisions of the award in excess of "any compensation already paid." Allowing a credit for

---

[1] An entirely different situation would exist had plaintiff's award been rescinded or reduced to the extent that the amount of compensation paid pending appeal was in excess of the amount finally determined. That, however, is not the case here, and we express no opinion with respect to how such a case would be decided.

the compensation payments mistakenly paid by defendants during the appeal would not cause plaintiff to receive any less benefits than those to which he is entitled, would not reduce the total amount of compensation for which defendant employer was determined to be liable, and would not be inconsistent with either the purpose or the plain meaning of § 862. On the other hand, if a credit were disallowed, plaintiff would effectively be receiving a double recovery. Such a result would be inconsistent with the purpose of § 862 and "repugnant" to the very principles of workers' compensation. *Hiltz, supra.*

Given these circumstances, we conclude that, pursuant to both the plain meaning of § 862 and the rationale of *Hiltz,* defendants are entitled to a credit for the workers' compensation benefits mistakenly paid during the pendency of the appeal against the amount of compensation which had become due under the provisions of the award.

We further note that this Court's recent decision in *Kihrotris v Ford Motor Co,* 183 Mich App 367; 454 NW2d 218 (1990), also supports our holding. Although *Kihrotris* is factually distinct in that it involved an employer's claim for a credit against compensation previously paid to the claimant from another source (the Second Injury Fund), this Court, relying on *Hiltz,* refused to interpret § 862 in a manner that would allow the plaintiff to reap a windfall and concluded that allowance of a credit was consistent with the plain language and spirit of the act. *Kihrotris,* pp 372-373.

II

Finally, we conclude that defendants are not precluded from asserting entitlement to this credit for failure to appeal the hearing referee's decision denying recoupment.

As previously indicated, the issue of recoupment or reimbursement is entirely different from that of a setoff or credit. Because neither the hearing referee nor the WCAB ever addressed or decided the issue of entitlement to a credit, there was no law of the case established with regard to this issue. See *Perron v Royal Oak Bd of Ed,* 155 Mich App 759, 767; 400 NW2d 709 (1986). Moreover, we disagree with the WCAC that defendants are barred from presently claiming a credit, presumably under the doctrine of res judicata, because this was an issue which should have been raised and decided in the original proceeding before the WCAB. See *Perron.* The fact is, it was not until a "final determination" had been made that the availability of a credit under § 862 could have been known or asserted. Defendants were not required to raise the issue before that time.

Therefore, the fact that defendants may have earlier unsuccessfully sought recoupment did not bar them from later seeking a credit when the amount of compensation "finally determined" was known.

### III

In sum, we hold that defendants are entitled to a credit for all compensation paid during the pendency of the appeal, including those amounts in excess of the required seventy percent payments that were mistakenly paid. Further, we remand to the WCAC for calculation of the precise amount of this credit and a determination regarding whether additional monies, if any, are owed in light of this opinion.

Reversed and remanded. We do not retain jurisdiction.