BEVERLY v REYNOLDS METALS COMPANY

Docket No. 131103. Submitted October 7, 1992, at Lansing. Decided December 8, 1992, at 9:50 A.M.

Leon Beverly, an employee of Reynolds Metals Company, was awarded workers' compensation for a total and permanent disability having an onset date of May 16, 1980. Travelers Insurance Company, Reynolds' insurer on the onset date, was ordered to pay benefits accruing from April 25, 1984, pursuant to the two-year-back rule of MCL 418.381(2); MSA 17.237(381) (2) and to reimburse Liberty Mutual Insurance Company, Reynolds' insurer before May 16, 1980, for benefits Liberty had paid voluntarily to Beverly before April 24, 1984. The Workers' Compensation Appellate Commission affirmed. Travelers appealed by leave granted, challenging the order of reimbursement.

The Court of Appeals *held:*

A workers' compensation insurer that succeeds a prior insurer has no duty to reimburse the prior insurer for benefits paid for a period before the commencement of the subsequent insurer's obligation to pay benefits to the injured worker.

Affirmed in part and reversed in part.

*Gofrank & Kelman* (by *Phillip G. Rosenberg*), for Travelers Insurance Company.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block*), for Liberty Mutual Insurance Company.

Before: HOOD, P.J., and WAHLS and MCDONALD, JJ.

PER CURIAM. Defendant Travelers Insurance Company appeals from a June 19, 1990, opinion and order of the Workers' Compensation Appellate Commission affirming a decision of a magistrate and ordering Travelers to reimburse defendant

Liberty Mutual Insurance Company for certain benefits paid. We reverse.

On July 16, 1974, plaintiff Leon Beverly, an employee of defendant Reynolds Metals Company, sustained a work-related injury. Defendant Reynolds was insured by defendant Liberty at that time. On May 16, 1980, plaintiff stopped working because of back and knee pain. At that time, defendant Reynolds was insured by defendant Travelers. Nevertheless, defendant Liberty voluntarily began paying plaintiff benefits.

On April 25, 1986, plaintiff filed a petition for a determination of workers' compensation benefits, alleging injury and disablement dates of May 31, 1961, June 1973, and May 16, 1980. At trial, plaintiff alleged a total and permanent disability onset date of May 16, 1980. The magistrate awarded plaintiff total and permanent disability benefits based on a May 16, 1980, date of injury. Defendant Travelers, the insurer on that date, was held liable for the payment of benefits. However, pursuant to the two-year-back rule, MCL 418.381(2); MSA 17.237(381)(2), Travelers' liability was limited to the commencement date of April 25, 1984. Travelers was given credit for any benefits paid by defendant Liberty after April 25, 1984, and was ordered to reimburse Liberty for benefits Liberty paid plaintiff from May 16, 1980, through April 24, 1984. Travelers appealed, arguing the magistrate erred in ordering it to reimburse Liberty for benefits Liberty paid during the period before the date Travelers' liability to the plaintiff arose. In an opinion and order entered June 19, 1990, the WCAC affirmed the magistrate's decision. We granted defendant Travelers' application for leave to appeal.

On appeal, Travelers claims the WCAC erred as a matter of law in ordering it to reimburse defen-

dant Liberty for amounts Liberty paid to plaintiff between May 16, 1980, and April 24, 1984. *Corbett v Montgomery Ward & Co, Inc,* 194 Mich App 624; 487 NW2d 825 (1992). We agree.

Although no statute specifically authorizes the transfer of funds between insurance carriers, it is undisputed that such reimbursement has been ordered. *Reece v Consolidated Packing Co,* 133 Mich App 684; 350 NW2d 308 (1984); *Stewart v Saginaw Osteopathic Hosp,* 100 Mich App 502; 298 NW2d 911 (1980). However, we can find no support for the proposition that a liable carrier may be ordered to reimburse a prior carrier for benefits paid during a period before the liable carrier's obligation to the employee began. Although *Reece* held the one-year limitation in the recoupment section, MCL 418.833(2); MSA 17.237(833)(2), which allows for recovery of overpayment of benefits for a period of no more than one year before the taking of such action, applied only to claims to recover overpayment from disabled employees and was inapplicable to claims for reimbursement between carriers, the Court in that case did not order the liable carrier to reimburse the prior carrier for benefits paid during a period before the liable carrier's obligation to the employee began. The *Reece* Court specifically found that under its result the liable carrier would not be obligated to pay an amount greater than it would have paid had the prior carrier not voluntarily paid benefits.

We believe the same result should obtain here. Had Liberty not paid benefits, Travelers could not have been ordered to pay benefits for any period before April 25, 1984. MCL 418.381(2); MSA 17.237(381)(2). We therefore conclude, under circumstances such as those presented here, a carrier cannot be ordered to reimburse a prior carrier for benefits paid for a period before the commence-

ment of the carrier's obligation. That portion of the wcac's decision ordering defendant Travelers to reimburse defendant Liberty for benefits Liberty paid before April 25, 1984, is reversed.

Affirmed in part and reversed in part.