STEIN v BRAUN ENGINEERING

Docket No. 225211. Submitted March 7, 2001, at Detroit. Decided March 20, 2001, at 9:05 A.M. Leave to appeal denied, 465 Mich ___.

Gerald Stein sought worker's compensation benefits for an injury suffered during the course of his employment with Braun Engineering. Following a 1984 work-related injury, the plaintiff was unable to work for about a year, during which time Braun's insurer, Michigan Mutual Insurance Company, voluntarily paid worker's compensation benefits. After the plaintiff returned to restricted work, Braun was purchased by Mascotech, Inc. In 1992, after taking some time off for surgery on his foot, the plaintiff returned to work to find that his old job had been eliminated and that his new job would require long hours of standing and bending. When the plaintiff was unable to continue at the new job, Michigan Mutual, as Braun's insurer, voluntarily paid worker's compensation benefits. The plaintiff thereafter petitioned for increased benefits. At a hearing on the petition, the plaintiff's treating physician opined that the plaintiff was disabled from his old job and that the plaintiff's trauma-induced arthritis was aggravated and accelerated by the plaintiff's subsequent work. Mascotech's expert attributed the plaintiff's disability solely to the 1984 accident. The magistrate found the testimony of the plaintiff's expert to be more persuasive and entered an open award of benefits to be paid by Mascotech. Mascotech appealed, asserting that the magistrate's decision was not factually supported, and Braun and Michigan Mutual cross appealed, asserting a right to reimbursement from Mascotech of the benefits voluntarily paid to the plaintiff after he became unable to work in 1992. The Worker's Compensation Appellate Commission affirmed the decision of the magistrate. Braun and Michigan Mutual sought leave to appeal, raising the issue of their right to reimbursement. The Court of Appeals vacated the order of the WCAC and remanded the case to the WCAC for reconsideration of the request of Braun and Michigan Mutual for reimbursement. Unpublished order of the Court of Appeals, entered September 22, 1999 (Docket No. 220250). The WCAC, following consideration of the record and the briefs of the parties, issued an opinion in which it indicated that it had not considered the request for reimbursement because Braun and Michigan Mutual had not raised that issue before the magistrate

and, thus, the issue was deemed to have been waived, and issued an order that again affirmed the decision of the magistrate. Braun and Michigan Mutual appealed by leave granted.

The Court of Appeals *held*:

The failure to assert a claim in a timely manner results in the forfeiture of the claim. Because the failure of a party to assert a claim in a timely manner results in the forfeiture of the claim rather than a waiver of a right, there is no need to consider whether the party's failure to assert the claim was knowing and voluntary. Because requiring an employer or its insurer to raise the question of reimbursement between multiple employers or insurers in the proceedings before the magistrate is consistent with the mandate of the Worker's Disability Compensation Act that the determination of liability is to be made by the magistrate at the time of an award of benefits, and because justice does not require that an employer or insurer be allowed to raise such a claim on appeal where the claim was forfeited as a result of the party's own negligence, the commission did not err in refusing to hear the claim for reimbursement.

Affirmed.

WORKER'S COMPENSATION — PRESERVATION OF QUESTIONS — REIMBURSEMENT.

The failure of an employer or an insurer to raise in the proceedings before a magistrate the question of a right to reimbursement from another employer or insurer results in a forfeiture of the claim; the Worker's Compensation Appellate Commission may refuse to entertain on appeal a claim for reimbursement where the claim was not raised before the magistrate.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for Braun Engineering and Michigan Mutual Insurance Company.

*Carl Mitseff*, for Mascotech, Inc.

Before: MURPHY, P.J., and HOOD and COOPER, JJ.

PER CURIAM. Defendants Braun Engineering and Michigan Mutual Insurance Company (Braun/MMIC) appeal by leave granted from the opinion and order of the Worker's Compensation Appellate Commission issued on remand from this Court, in which the commission held that Braun/MMIC's request for reimburse-

ment from defendant Mascotech, Inc., was waived because it was not raised before the magistrate. We affirm.

Plaintiff, who began working for Braun Engineering in 1971, was injured in a work-related automobile accident in February 1984. The injuries caused him to be unable to work for a year, during which time Braun's insurer, MMIC, voluntarily paid worker's compensation benefits. Plaintiff returned to restricted work in early 1985. Braun was purchased by Mascotech in August 1985, a move that resulted in some job changes for plaintiff, including longer hours, more physical activity, and more travel.

Plaintiff was unable to work in early 1992 because of surgery on his foot, which had been painful since the 1984 accident. When plaintiff returned to work in March 1992, he was told that his old job had been eliminated and that his new job required that he return to the shop floor, a position that required long hours of standing and bending. Plaintiff attempted the job for seven days, but could not continue. Braun/MMIC again voluntarily paid benefits at the same rate as in the year after the accident.

At a subsequent hearing regarding plaintiff's petition for increased benefits, plaintiff's treating physician opined that plaintiff was disabled from his old job and that the trauma-induced arthritis was aggravated and accelerated by plaintiff's subsequent work. Mascotech's expert witness attributed plaintiff's disability solely to the 1984 accident. The magistrate found plaintiff's expert's opinion more persuasive and entered an open award of benefits payable by Mascotech. On appeal, the WCAC held that Mascotech was entitled to credit against the back benefits it owed the

amounts paid to plaintiff by Braun/MMIC after plaintiff's last day of work. Before the commission, Braun/MMIC raised for the first time the claim that it should be reimbursed by Mascotech for those benefits. The commission declined to order reimbursement.

The parties sought leave to appeal to this Court. In an order entered September 22, 1999, this Court vacated the WCAC's decision and remanded the matter for reconsideration of Braun/MMIC's request for reimbursement. On remand, the WCAC stated:

> [W]e regret that this opinion was not sufficiently specific to explain that we found defendants, Braun Engineering and Michigan Mutual, waived their right to reimbursement by failing to make any such request until the matter was pending on appeal. These defendants filed no request for reimbursement from defendant Mascotech. At no time during the proceedings before the magistrate did they utter a single word asking for reimbursement in the event Mascotech was found liable. Stipulations were submitted and no mention was made of prior payments or any claim to reimbursement. The magistrate also specifically inquired of all parties whether there were any motions and counsel for defendants stated: "No." As a result, we find that defendants waived their claim to reimbursement from Mascotech.

The WCAC relied on its own previous opinions as authority for its finding that a waiver occurs with regard to issues a party fails to raise at the magistrate level and concluded that "justice does not require reimbursement in this case."

Braun/MMIC argues that reimbursement should be ordered under the authority of this Court's prior holdings and the applicable statutes and administrative rules. Mascotech contends that the commission correctly found that any claim for reimbursement was

waived by failure of Braun/MMIC to raise it before the magistrate. Questions of law involved in any final order of the WCAC are reviewed de novo. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000).

Reimbursement between successive employers or carriers is addressed in only a few provisions of the Worker's Disability Compensation Act. MCL 418.852(2) states that "[i]f a carrier or fund originally determined to be liable . . . is subsequently determined [on appeal] to not be liable or not to the same extent as originally determined, that carrier or fund shall be reimbursed by the liable party or parties with interest at 12% per annum." Similarly, under MCL 418.862(1), a carrier is statutorily entitled to reimbursement only if benefits are reduced or rescinded by a "final determination." Thus, where the commission or a reviewing court has subsequently altered the apportionment of liability, the liable employer or carrier must, by statute, reimburse the carrier who paid benefits under the previous decision. On the other hand, subsection 862(1) provides that in cases in which the award is *affirmed* by a final determination, "the carrier shall pay all compensation which has become due under the provisions of the award, *less any compensation already paid*" (emphasis added), and that "[i]nterest shall not be paid on amounts paid pending final determination." This describes precisely what was ordered in this case: the magistrate's decision was affirmed, and Mascotech paid what was due, less compensation already paid.

Braun/MMIC argues that the decisions in *Sosnowski v Dandy Hamburger*, 384 Mich 221; 180 NW2d 761 (1970), *Molengraff v Holland Transmission Service*,

*Inc*, 188 Mich App 107; 469 NW2d 15 (1991), *Kihro-tris v Ford Motor Co*, 183 Mich App 367; 454 NW2d 218 (1990), and *Stewart v Saginaw Osteopathic Hosp*, 100 Mich App 502; 298 NW2d 911 (1980), compel the conclusion that the commission erred in denying the claim for reimbursement. However, we consider these cases to be inapposite because each involved a situation in which the apportionment of liability was altered on appeal, triggering the relevant portions of §§ 852 and 862.

Preservation requirements are routinely imposed in worker's compensation cases. See, e.g., *Pulver v Dundee Cement Co*, 445 Mich 68, 70, n 2; 515 NW2d 728 (1994); *Illes v Jones Transfer Co (On Remand)*, 213 Mich App 44, 56, n 2, and 60; 539 NW2d 382 (1995). As these cases illustrate, a party's failure to assert a claim in a timely manner results in forfeiture of the claim. Although Braun/MMIC argues that the WCAC erred in holding that it waived its claim to reimbursement because the waiver was neither knowing nor voluntary, this Court noted in *Greathouse v Rhodes*, 242 Mich App 221, 232, n 5; 618 NW2d 106 (2000), that there is a distinction between waiver and forfeiture. Where a party fails to timely assert a claim, the claim is forfeited, not waived. Whether the forfeiture occurred knowingly or voluntarily is irrelevant, because such considerations are appropriate only in the case of a waiver. *Id.*; see also the discussions in *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000), and *People v Carines*, 460 Mich 750, 762-763, n 7; 597 NW2d 130 (1999). In this case, any claim by Braun/MMIC for reimbursement was forfeited because it was not asserted in a timely manner.

Braun/MMIC contends that it is not fair to require parties to raise the issue of reimbursement at the hearing before a magistrate, because they have no way of knowing whether the decision will be altered on appeal. However, this argument is unpersuasive because, taken to its logical extreme, it would justify disregarding preservation requirements with regard to any issue. In cases involving successive employers, the parties are aware from the beginning that reimbursement is or may be an issue; Braun/MMIC acknowledges as much in its assertion that reimbursement was "implicit" in this case. Thus, it has no excuse for failing to raise the issue at the hearing. Moreover, allowing the issue to be raised for the first time on appeal would contravene MCL 418.852(1), which specifically provides that the determination of liability is to be made by the magistrate at the time of the award of benefits.

While we recognize that reimbursement may be ordered, even in the absence of a statutory mandate, in those cases where it is determined that justice requires it, *Beverly v Reynolds Metals Co*, 197 Mich App 436, 438; 496 NW2d 307 (1992), justice does not necessarily require such action where the loss is due to the party's own neglect. And while public policy favors encouraging the voluntary payment of benefits, this cannot be construed to undermine the requirement of subsection 862(1) that determinations regarding liability be made by the magistrate or to relieve parties of the obligation to raise foreseeable claims in a timely manner.

Affirmed.